

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104 | : : : : : | |
| Plaintiff, | : : | **CASE NO.: 05-cv-2752** |
| v. | : : | |
| **Learn The Skills Corp.**, et al. | : : | **Hon. Harvey Bartle, III** |
| Defendants. | : | |

## ORDER

AND NOW, this ___ day of _____, 2006, in consideration of **Plaintiff's Motion To Conduct Jurisdictional Discovery,** the motion is **granted.** A memorandum opinion is attached.

Plaintiff shall be given sixty (60) days from the date of this order to complete discovery relating to the conduct of Defendants Ross, Geiger, and LTSC insofar as such conduct is relevant to the issue of jurisdiction of this court over those Defendants.

SO ORDERED.

_____
J





IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104<br><br>**FILED**<br>DEC 0 1 2005<br>MICHAEL E. KUNZ, Clerk<br>By \_\_MHC\_\_ Dep. Clerk<br><br>Plaintiff,<br><br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>Defendants. | **CASE NO.:** 05-cv-2752<br><br>Hon. Harvey Bartle, III |

### PLAINTIFF'S MOTION TO CONDUCT JURISDICTIONAL DISCOVERY

**Plaintiff** Gordon Roy Parker, in the above-styled action, moves this Court for leave to conduct jurisdictional discovery as to Defendants Ross, Geiger, and LTSC, and in support thereof, submits the following:

1. Defendants Ross, Geiger, and LTSC have filed motions to dismiss this action for lack of jurisdiction.

2. Without the ability to conduct discovery regarding each Defendant's contacts with the forum state, Plaintiff's case will be prejudiced.

### RELIEF SOUGHT

WHEREFORE, Plaintiff seeks leave of the court for sixty (60) days to conduct discovery by interrogatory of Defendants Ross, Geiger, and LTSC.

This the 1st day of December, 2005.

*(signature)*
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**FILED**
DEC 0 1 2005
MICHAEL E. KUNZ, Clerk
By /MHC/ Dep. Clerk

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104<br><br>Plaintiff,<br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>Defendants. | CASE NO.: 05-cv-2752<br><br>Hon. Harvey Bartle, III |

<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO CONDUCT JURISDICTIONAL DISCOVERY</u>

**Plaintiff** Gordon Roy Parker, in the above-styled action, submits this Memorandum In Support of the above-referenced motion.

### INTRODUCTION

Defendants Ross, Geiger, and LTSC have filed motions to dismiss this case for lack of jurisdiction.

### <u>LEGAL STANDARD/ARGUMENT</u>

This Court should not entertain a dismissal for lack of jurisdiction in this case without first allowing the discovery sought in this motion. In <u>Toys "R" US, Inc., v. Step Two</u>, S.A., 318 F.3d 446 (3d Cir. 2003), the Third Circuit remanded the case back to the District Court to allow for exactly this type of discovery when jurisdiction was in controversy, refusing to allow a motion to dismiss for lack of jurisdiction without the Plaintiff having the benefit of such discovery.

In Defendant Ross's Memorandum in Support of his Motion To Dismiss, the need for jurisdictional discovery is explained:

> Once a jurisdictional challenge has been raised it is the plaintiff's burden to establish that the defendant has "minimum contacts with the forum" such that the defendant could "reasonably anticipate being haled into court there." <u>Pennzoil Prods. Co. v. Colelli & Assocs.</u>, 149 F.3d 197, 201 (3d Cir. 1998) (quoting <u>World-Wide Volkswagen Corp. v.</u>

Woodson, 444 U.S. 286, 297 (1980)), see also, Mellon Bank (East) PSFS, N.A. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). The required "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 109 (1987) (O'Connor, J., plurality opinion) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

A plaintiff can not just rely on bald assertions regarding the defendant's contact with the forum state. Carteret Sav. Bank v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). Rather, a plaintiff is required to present evidence sufficient to establish a prima facie case for the exercise of personal jurisdiction. Mellon Bank v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992), Carteret Sav. Bank, 954 F.2d at 146.[24]

Any claim that Plaintiff lacks evidence of jurisdiction would demand, as a matter of due process, that Plaintiff be afforded the opportunity to fully explore all evidence relating to the Defendants' claims. Alternatively, Plaintiff should be granted a hearing on the motions to dismiss so as to be afforded cross-examination of the evidence in support, including but not limited to Defendant Ross's Affidavit.

## CONCLUSION

For the reasons set forth hereinabove, the instant motion should be **granted.** An appropriate form of order is attached.

This the 1st day of December, 2005.

_Gordon Roy Parker_
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com
Plaintiff, Pro Se

---

[24] Id., ¶ III(A)(2), p. 5.

2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

DEC 0 1 2005

MICHAEL E. KUNZ, Clerk
By /MAC        Dep. Clerk

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104<br><br>Plaintiff,<br><br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>Defendants. | **CASE NO.:** 05-cv-2752<br><br>Hon. Harvey Bartle, III |

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, hereby certify that I have served the foregoing **Brief In Opposition To Defendant Ross's Motion To Dismiss** and **Motion To Conduct Jurisdictional Discovery** on the following Defendants, by the following means:

| | | |
|---|---|---|
| Trustees of the Univ. of PA<br>Dennis G. Young (Counsel)<br>Montgomery, McCracken,<br>Walker & Rhoads<br>123 South Broad Street, 28th Fl.<br>Philadelphia PA 19109<br>**Hand Delivery**<br><br>Thom E. Geiger<br>817 North McCrary Road<br>Columbus, MS 39702-4320<br>**Regular Mail** | Mary Kay Brown, Esq.<br>Buchanan Ingersoll<br>1835 Market Street, 14th Floor<br>Philadelphia, PA 19103<br>**Hand Delivery**<br><br>Formhandle@fastseduction.com<br>Learn The Skills Corp.<br>955 Massachusetts Ave, #350<br>Cambridge, MA 02139<br>**Regular Mail** | Matthew S. Wolf, Esq.<br>241 Kings Highway East<br>Haddonfield, NJ 08033<br>Attorney For LTSC And Defendant<br>**Regular Mail** |

This the 1st day of December, 2005.

*(signature)*
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com
Plaintiff, Pro Se