

(30)

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104<br><br>                                      Plaintiff,<br>v.<br>**Learn The Skills Corp.**, et al.<br><br>                                      Defendants. | : : : : : : : : : : : : : | **CASE NO.:** 05-cv-2752<br><br>Hon. Harvey Bartle, III |

## ORDER

AND NOW, this ___ day of _____, 2006, in consideration of **Defendant Matthew S. Wolf's Second Motion To Dismiss**, and all responses thereto, the motion is **denied.**

A memorandum opinion is attached.

SO ORDERED.

_____
J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. Ray Gordon, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104<br><br>                                                    Plaintiff,<br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>                                                    Defendants. | **CASE NO.**: 05-cv-2752<br><br>Hon. Harvey Bartle, III |

FILED
DEC 0 5 2005
MICHAEL E. KUNZ, Clerk
By /MAC/ Dep. Clerk

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT WOLF'S SECOND MOTION TO DISMISS

**Plaintiff** Gordon Roy Parker, in the above-styled action, submits this Brief In Opposition to Defendant Matthew S. Wolf's Second Motion To Dismiss and Memorandum in support thereto.

### I. INTRODUCTION

Despite having it pointed out to him that he moved the court for dismissal of the *entire* complaint once again (the very conduct which forms the basis of his being a Defendant in this action), Defendant Wolf did not correct this error in his motion, though his proposed order reflects a motion to dismiss only as to himself. Defendant Wolf also again refers to himself as the Plaintiff rather than the Defendant.

Defendant Wolf summarizes the procedural history of this case in his introductory paragraph. Plaintiff restates all of his allegations from the Amended Complaint as if set forth in their entirety, in the event Defendant's summary is not whole.

## II. ARGUMENT

### A. Plaintiff's Claims Are Not Incomprehensible; Further, Defendant Did Not Move For A More Definite Statement Pursuant To Federal Rule 12(e)

Defendant, *a practicing attorney,* claims he cannot make sense out of Plaintiff's claims:

> Plaintiff's claims against me are completely unintelligible. He has not set forth a comprehensible claim. This is the third time he has tried to do this against Learn the Skills Corp. and other defendants since the court has twice dismissed his pleadings in his previous lawsuit. Attached hereto are the Court's rulings pertaining to those pleadings. Since these claims have been dismissed twice before and the Plaintiff's claims continue to be so vague and incomprehensible, the Court should dismiss them pursuant to Fed.R.Civ.P. 12(b)(6).[1]

#### 1. Plaintiff's Claims Are Not Only Comprehensible, But Simple And Easy To Understand.

Defendant relies upon the dismissal *without prejudice* of Parker v. LTSC (I) ("the first lawsuit"), as if it were some type of adjudication on the merits, when the dismissal was anything but: specifically, in the first lawsuit, Judge Kelly (who died mere months after issuing this ruling) dismissed the claim not because it lacked merit, and not even because it was incomprehensible to an attorney, but because Defendant Geiger was representing himself. This Court need not look beyond this section of the Order of Dismissal:

> "Although pro se complaints are held to a less stringent standard than those drafted by legal counsel, the concern of pro se Defendant Geiger that he has been bombarded with an exceedingly long and confusing complaint cannot be ignored."[2]

While Defendant is proceeding pro se, he is a licensed, practicing attorney who is not held to this standard; no such similar "concern" would apply to him. Further, it is disingenuous to say that this Complaint cannot be answered, as the averments specific to each Defendant were enumerated separately, with factual averments which can either be admitted or denied. Plaintiff has laid out these facts concisely, logically, and in a manner which is easy to

---

[1] Defendant's Memorandum, p. 1.
[2] Order dismissing Parker v. LTSC (I), pp. 5-6.

2

answer. What is clear, however, is that Defendant appears not to want this case to reach that stage, and instead would rather the process be short-circuited.

In <u>Downing v. York County District Attorney H. Stanley Rebert, et al</u>, the defense attorneys in that case responded to a motion to strike with sentiments which closely mirror Plaintiff's arguments here. Indeed, that response cited <u>Parker v. LTSC</u> (I). Counsel for the Defense in that case argued:

> The Plaintiffs are alleging claims related to a pattern and practice of behavior of unlawful or improper conduct that spans *four years*. They were required to establish that such a pattern or practice existed. Had they not included allegations to support such a claim, Defendant Rebert would no doubt have filed a motion pursuant to Rule 12(b)(6) arguing that the Plaintiffs have failed to state a claim upon which relief can be granted. ***It was inevitable that Defendant Rebert would file a motion to attack the Complaint; it was just a matter of whether that motion would argue that the Plaintiffs have said too little or too much.*** (Emphasis Added).

Plaintiff's abuse of process claims are easy to understand: Defendant, who was representing only LTSC, moved this court to dismiss the *entire* Complaint, even providing arguments based on facts for which he could not possibly have performed any due diligence. He was not retained by the other defendants, and was therefore acting beyond the scope of his representation and therefore abusing the legitimate process of a motion to dismiss for the client he was representing. This is not difficult to comprehend factually; any arguments against this claim should be based on the law. The same is true of the RICO claim under 18 USC 1962(d), for if the abuse of process claim is valid, then any arguments against the RICO claim should be setting forth why the standard set forth in <u>Beck v. Prupis</u> does not apply here, yet no such arguments are made.

2. **Defendant should have moved for a more definitive statement pursuant to Rule 12(e) rather than for dismissal pursuant to Rule 12(b)(6).**

This Court should also note that this argument is not properly pled: a motion which claims that a Complaint is "unintelligible" should be filed pursuant to Federal Rule 12(e)

3

rather than 12(b)(6), yet no such pleading is made by Defendant. For that reason alone, his motion should be denied.

Even if this court construes Defendant's Motion as one pursuant to 12(e), and does so favorably to Defendant, dismissal is still not appropriate, but rather Plaintiff should be given leave to Amend the Complaint. Defendant has argued (in conclusory fashion) that Plaintiff is not conforming with the rules to the point that he should be barred from filing future actions without leave of the court,[3] yet he is not even moving under the correct rule.

### B. Defendant Is Not Entitled To Immunity

Defendant's argument is incredulous:

> The gist of the Plaintiff's claims against me appear to be that he believes that I have conspired against him on behalf of other people. All of the allegations relate to contentions, statements and averments in pleadings filed with the Court. I am entitled to absolute judicial immunity for such actions. See Post vs. Mendel, 510 Pa. 213, 219-220, 507 A.2d 351, 354-355 (1986), FDIC. v. Bathgate, 27 F.3d 850, 871 (3 Cir. 1994).[4]

#### 1. The conduct was not material to the "action" for the purposes of this claim.

In FDIC v. Bathgate, the issue of privilege related to statements made in pleadings *by the attorney of record*. Specifically, that court noted that "allegations made in pleadings filed in an action are privileged *as long as they have some relation to the action.*" In this case, the only legitimate relation to the "action" in question was limited to the motion by Defendant to dismiss the claims against LTSC and to quash the subpoena to Business Filings, Inc. (its registered agent). In the instant case, Defendant was not representing the parties for whom he moved this court, and his statements were therefore wholly unrelated to the action. To hold otherwise would be to let any attorney, in any situation, make any statement in a pleading, for any purpose, and claim that it was "related" to the matter at hand. This court need not rewrite the law to separate

---

[3] Defendant's Memorandum, Conclusion, ¶ III, p.2.
[4] Id, ¶ II(B), p.1.

4

the instant case from this precedent, as it is almost unheard of for an attorney to move on behalf of a party he does not represent.

### 2. **Defendant Wolf was not acting as an attorney.**

Defendant Wolf argues on his own behalf:

> There is nothing wrong with what I did. It cannot serve as the basis for a RICO claim, conspiracy claim or abuse of process claim. I am entitled to act as an advocate for my client I without fear of personal retaliation. Suggesting that the Plaintiff's claims are so ridiculous, vexatious and frivolous as to all parties cannot be actionable. I can even suggest that the Plaintiff's intentions are obviously to harass people through frivolous litigation and this cannot be actionable.[5]

By noting his perception of immunity for even the most disparaging claims, Defendant Wolf is creating a straw-man (since the statements are not the basis of the claim), but also undermining his own arguments in that he now has acknowledged that he can take a "free shot" at Plaintiff without fear of reprisal, accusing him of any and everything under the sun, in the hope that the Court will be swayed. His unsubstantiated allegations of Plaintiff's motives should therefore be viewed in light of their being made without consequence to the speaker, who is a defendant in this case, in addition to being a (paid) advocate for another defendant.

Defendant's argument fails because the abuse of process claim relates to Defendant Wolf moving on behalf of unrepresented parties beyond the scope of his function as an "advocate for his client." The other defendants on whose behalf he moved for dismissal were *not* his clients. This also forms the basis for the RICO claim of aiding-and-abetting. Certainly, any precedent providing any immunity of this type was designed for attorneys acting on behalf of their clients and only their clients, and no exception need be carved out to not apply that precedent here.

---

[5] Memorandum, ¶ I(B), pp. 2-3.

3.  **<u>Attorneys are not immune to actions for malicious prosecution.</u>**

Under Pennsylvania law, malicious prosecution is divided into two distinct categories: 1) abuse of process, a common-law tort, and 2) the Dragonetti Act, which is codified (in pertinent part) as follows:

> § 8351. Wrongful use of civil proceedings.
>
> (a) Elements of action.--A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> 1.  he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> 2.  the proceedings have terminated in favor of the person against whom they are brought.

Since the underlying claim for the motion to dismiss did not terminate in Plaintiff's favor (but was dismissed without prejudice, so it did not fully terminate in favor of Defendant), only the tort of abuse of process would apply. However, the motion to quash the subpoenas for the unrepresented parties could be construed as the initiation of civil proceedings, and that motion did terminate in Plaintiff's favor (the motion was denied as to the unrepresented parties due to lack of standing), if this Court holds that the motion to quash was an "initiation" for purposes of the law insofar as Defendant acted on his own volition rather than continuing an action for the other parties, it may apply.

The Dragonetti Act, as set forth above, allows for recovery against "a person who takes part" in violating the act. This includes attorneys. Given that attorneys can be held liable for malicious prosecution under Dragonetti, they also can be held liable for malicious prosecution under the tort of abuse of process. See, e.g., <u>Werner v. Plater Zyberk</u>, 2002 Pa.Super. 42, 799 A.2d 776 (Pa.Super. 02/21/2002). In <u>Werner</u>, attorneys Stephen A. Winston (Esq.), Berger & Montague, P.C., Joseph Posillicio (Esq.), and Synnestvedt & Lechner, L.L.P. Appellees were all

6

named as defendants in an abuse of process action. Were the immunity Defendant Wolf is attempting to claim valid, then the Dragonetti Act would not exist as we know it.

Defendant is trying to "jam a square peg into a round hole" by ignoring the statutory and common-law basis for filing suit against attorneys for conduct relating to legal proceedings by citing an immunity that relates to defamation. This argument is disingenuous.

### 4. The abuse of process claim is irrelevant to the RICO action

Plaintiff has argued that the abuse of process was done for the purpose of aiding and abetting a RICO enterprise. The actions taken constituted providing valuable legal assistance which was paid for from the profits of the enterprise. Specifically, the co-conspirators acted out against Plaintiff for the benefit of LTSC, and LTSC then turned around and provided an unauthorized attorney to help get the conspiracy charge dismissed. Even without the abuse of process/malicious prosecution claim, the RICO claim would survive either way.

### C. Plaintiff's Damages Were Not Caused By Incompetence And Extend Beyond The Dismissal Of The Litigation.

Defendant argues:

> The Plaintiff cannot complain regarding any adverse result from the first lawsuit since it was dismissed without prejudice by Order dated October 25, 2004, and he was given the opportunity to re-file an Amended Complaint and cure deficiencies. See Exhibit A attached hereto. He did re-file an Amended Complaint but the Court dismissed that as well. See Exhibit B attached hereto. It was the Plaintiff's own failure to properly plead his first lawsuit that lead to any adverse consequences he suffered. Plaintiff has not alleged any damages caused by me that were not, in fact, actually clearly caused by himself and his own shortcomings in the eyes of the Court.[6]

Defendant has neglected the basis for the damage claim: the "full circle" path of the RICO activity yielding business for LTSC, which in turn paid for the attorney who argued on behalf of those engaging in the RICO activity for the benefit of LTSC. The last thing anyone truly not involved in a conspiracy would do is supply an attorney to the alleged co-conspirators, but that

---

[6] Id, ¶ II(C), p.2

7

is exactly what LTSC did. Contrary to Defendant's claims, this was set forth very clearly in paragraphs 247-249 of the Amended Complaint (p. 73), which states the following:

> 247. Defendant Wolf acted with the ulterior motive of harming Plaintiff's ability to prosecute Defendant LTSC by cutting off discovery against the other Defendants which may or would have further implicated Defendant LTSC.
>
> 248. As a direct and proximate cause of Defendant Wolf's conduct, Plaintiff suffered further economic harm at the hands of the Seduction Mafia, who felt empowered through their "ghost attorney."
>
> 249. Defendant Wolf's conduct constitutes the bestowing of economic benefit upon all Defendants for whom he moved to have Parker v. LTSC dismissed.

The key here is the empowerment and encouragement to the co-conspirators to continue to act out against Plaintiff. The benefit extends beyond the legal action itself, and presents "smoking gun" evidence of a *quid pro quo* whereby the co-conspirators would post messages in violation of RICO to harm Plaintiff, while simultaneously promoting the LTSC website by attempting to enforce the "ASF FAQ" document whereby LTSC declares itself an "owner" of a public USENET group (one of the only places on the internet where true free speech thrives, and which is strongly in the public interest to protect), and to even go a step further by declaring the USENET group as "dead," with Plaintiff to blame, and using that as a pretext for redirecting traffic to a commercial website. This is akin to a private citizen setting up a toll booth in a public park or public square and charging admission, or redirecting traffic to a private park.

## III. <u>CONCLUSION</u>

For the reasons set forth hereinabove, Defendant Matthew Wolf, Esq.'s Second Motion To Dismiss should be **denied**, and his Conclusion (paragraph III of his Memorandum) should be struck from the record. An appropriate form of order is attached.

This the 5th day of December, 2005.

                                              Gordon Roy Parker
                                              Plaintiff, Pro Se
                                              4247 Locust Street, #806
                                              Philadelphia, PA  19104
                                              (215) 386-7366
                                              GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**Learn The Skills Corp.**, et al.<br>　　　　　　　　　　　　　　Defendants. | : : : : : : : : : : : | **CASE NO.:** 05-cv-2752<br><br><br>Hon. Harvey Bartle, III |

## CERTIFICATE OF SERVICE

　　I, Gordon Roy Parker, hereby certify that I have served the foregoing **Brief In Opposition To Defendant University of Pennsylvania's Second Motion To Dismiss, Brief in Opposition To Defendant LTSC's Second Motion To Dismiss**, and **Brief in Opposition To Defendant Wolf's Second Motion To Dismiss**, on the following Defendants, by the following means:

| | | |
|---|---|---|
| **Trustees of the Univ. of PA**<br>Dennis G. Young (Counsel)<br>Montgomery, McCracken,<br>Walker & Rhoads<br>123 South Broad Street, 28th Fl.<br>Philadelphia PA  19109<br>**Hand Delivery**<br><br>Thom E. Geiger<br>817 North McCrary Road<br>Columbus, MS  39702-4320<br>**Regular Mail** | **Mary Kay Brown, Esq.**<br>Buchanan Ingersoll<br>1835 Market Street, 14th Floor<br>Philadelphia, PA  19103<br>**Hand Delivery**<br><br>Formhandle@fastseduction.com<br>Learn The Skills Corp.<br>955 Massachusetts Ave, #350<br>Cambridge, MA 02139<br>**Regular Mail** | Matthew S. Wolf, Esq.<br>241 Kings Highway East<br>Haddonfield, NJ  08033<br>Attorney For LTSC And<br>Defendant<br>**Regular Mail**<br><br>**FILED**<br><br>DEC 0 5 2005<br><br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

This the 5th day of December, 2005.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Gordon Roy Parker
　　　　　　　　　　　　　　　　　　　　　　　　4247 Locust Street, #806
　　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19104
　　　　　　　　　　　　　　　　　　　　　　　　(215) 386-7366
　　　　　　　　　　　　　　　　　　　　　　　　GordonRoyParker@aol.com
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff, Pro Se