

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon,** d/b/a **Snodgrass Publishing Group,** 4247 Locust Street, #806 Philadelphia, PA 19104 | : : : : : | |
| Plaintiff, | : | **CASE NO.:** **05-cv-2752** |
| v. | : : | |
| **Learn The Skills Corp.**, et al. | : : | **Hon. Harvey Bartle, III** |
| Defendants. | : : | |

## ORDER

AND NOW, this ___ day of _____, 2006, in consideration of **Defendant Learn The Skills Corp.'s Second Motion To Dismiss,** and all responses thereto, the motion is **denied.** A memorandum opinion is attached.

SO ORDERED.

_____

J.



**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA** **FILED**

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104 | : : : : : | **DEC 0 5 2005** **MICHAEL E. KUNZ, Clerk** By___*MAC*___Dep. Clerk |
| Plaintiff, | : | **CASE NO.:** 05-cv-2752 |
| v. | : | |
| **Learn The Skills Corp.**, et al. | : : | **Hon. Harvey Bartle, III** |
| Defendants. | : : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANT LTSC'S SECOND MOTION TO DISMISS**

**Plaintiff** Gordon Roy Parker, in the above-styled action, submits this Brief In

Opposition to Defendant LTSC's Second Motion To Dismiss and Memorandum in support

thereto.  Since the Motion sets forth no facts, the Memorandum in support will be addressed here,

along with the relevant parts of the motion.

## I.   INTRODUCTION/PROCEDURAL HISTORY

Defendant LTSC, through its counsel and co-defendant Wolf, summarize the procedural

history of this lawsuit and its previous incarnation, Parker v. LTSC I,[1] and requests that the Court

focus first on the question of jurisdiction.  Plaintiff has filed a motion for jurisdictional discovery

so that he may be afforded due process in securing evidence to refute any claims of a lack of

jurisdiction by Defendants LTSC, Geiger, and Ross.

Defendant LTSC does not address the antitrust claims, the state-law claims, or the

Lanham Act claims beyond its jurisdictional objection.  Instead, it makes broad, sweeping attacks

against the overall viability and composition of the Amended Complaint, going so far as to call it

frivolous and vexatious, yet at the same time providing no arguments which would support

---

[1] E.D.Pa .#03-cv-6936.

dismissal of the Lanham Act claims relating to deceptive advertising (something that does not even involve Plaintiff's conduct in any way), or anticompetitive conspiracy with Defendant Ross as it relates to the "ASF FAQ" and its exclusionary nature. Plaintiff therefore has nothing to argue against, and those claims should therefore survive the instant motion.

To the extent this Court finds a lack of jurisdiction, dismissal should be without prejudice, so that Plaintiff may refile against Defendant LTSC in Massachusetts, where it conducts business, or Delaware, where its corporation is registered and where its agent is located. Despite the benign nature of a denial of jurisdiction (which by definition is not an adjudication on the merits), Defendant LTSC includes in its arguments claims that such a dismissal should be with prejudice and perhaps even the grounds for sanctions, when all it would do at most is move this lawsuit "next door" to Delaware, or a few hundred miles north, to Massachusetts.

## II.   **FACTS/LEGAL STANDARD**

Defendant more or less summarizes the nature of this action. Plaintiff notes the reference to "an e-mail address" as one of the Defendants,[2] yet that address (Formhandle@fastseduction.com) refers to the individual commonly known as "Formhandle," who owns and runs LTSC, and who uses that name throughout what is commonly known as "the seduction community." Service of the Complaint and summons was effected on Defendant Formhandle through his usual place of business, LTSC, by certified mail, as provided for by the Pennsylvania rules, which the federal rules allow for service under in cases in federal courts in Pennsylvania.

The legal standard for a motion to dismiss is well-established: all facts pled must be accepted as true construed in the light most favorable to the Plaintiff; motions to dismiss are generally disfavored unless compelling, even irrefutable, arguments are made that no relief is

---

[2] Defendant's Memorandum, ¶ II, p. 4.

possible under any set of facts.  Defects which can be cured by Amendment should allow for leave to cure them.  Finally, a *pro se* pleading is entitled to an even more liberal construction than would normally be afforded Plaintiffs under the already-liberal "notice pleading" standard. (multiple generic citations omitted).

### III.  ARGUMENT

#### A.  PERSONAL JURISDICTION.

Defendant LTSC argues that this Court lacks personal jurisdiction over this case, despite the fact that LTSC, through its website,[3] actively solicits contributions from internet users all over the world, including Pennsylvania.  Additionally, Defendant LTSC sells and promotes seduction products from vendors who do business with Pennsylvania residents, as an "affiliate" who receives a percentage commission on each sale.

Defendant LTSC, whose counsel is also a defendant in this case, once again relies on "debate tactics" more commonly associated with internet "flame wars" than with litigation.  To wit:

> Defendant LTSC respectfully pleads with the Court to make a ruling on whether this Court has jurisdiction over LTSC so that once and for all the Plaintiff will not be able to endlessly torture LTSC and drag it into Court in this forum. The Plaintiff's repeated frivolous lawsuits are vexatious and an abusive nuisance. A ruling regarding jurisdiction would preserve the judiciary's resources by preventing the Plaintiff from further lawsuits unless he will willingly subject himself to Rule 11 sanctions (a course of action the *Plaintiff* intends to pursue at the favorable conclusion of this lawsuit).[4] (Emphasis Added).

Defendant's posturing appears to be spawned from a belief that the best defense is a good offense.  Rather than acknowledge the vicious conduct which has been targeted at Plaintiff, and simply argue an absence of liability, which would be more consistent with a party holding no malice towards Plaintiff, Defendant instead engages in an all-out attempt at character assassination

---

[3] http://www.fastseduction.com
[4] Defendant's Memorandum, ¶ III(A), p. 4.  It should be noted that Defendant LTSC likely means that the Defendant, not the Plaintiff, will be seeking Rule 11 sanctions.

of Plaintiff, to the extent where it cannot even fathom the legitimacy of an expectation of jurisdiction in a forum in which the Defendant's business actively solicits revenue for its website.

Perhaps this Court will decide that Defendant LTSC's easily-proven contacts with the Commonwealth are not sufficient to confer jurisdiction, but that would be a far cry from anything justifying Rule 11 sanctions. Moreover, dismissal in this venue for lack of jurisdiction would merely transfer the case to Massachusetts, with a far more generous statute of limitations for defamation, or Delaware, a mere "hop, skip and jump" from this Court, and would likely put an even greater burden on Defendant than continuing the case here would. Moreover, if Plaintiff were really out to "stick it to" the Defendant, or even to just fully defend his rights, he could "forum shop" across the entire country's federal and state courts, to include places like Oregon, where criminal acts in commerce are actionable under that state's RICO laws. Even that would not be an abuse of the courts, as both Defendant LTSC and Plaintiff compete for revenue from residents of literally the entire globe. In any high-stakes business endeavor, litigation is a fact of life, as are the events which often lead to it. Plaintiff is no more enamored of litigation than Defendant, and if given a choice, would rather not have to drain his time and resources protecting his rights.

### 1.    No Affidavit In Support Of Lack Of Jurisdiction

Defendant LTSC cites Defendant Ross's Motion To Dismiss for lack of jurisdiction,[5] yet LTSC's motion lacks the necessary affidavit to shift the burden to Plaintiff on establishing jurisdiction. This very motion by Defendant Ross which Defendant LTSC praises explains the need for the affidavit:

> A court may consider the allegations in the complaint to be true "unless controverted by the defendant['s] affidavits." *Catalina Mktg. Int'l, Inc. v. Coolsavins.Com Inc.*, Civ. A. No. 00-2447, 2003 WL 21542491, at *1 (N.D. Ill. July 3, 2003).

---

[5] Id.

4

Since no affidavit was filed by Defendant LTSC, there is no evidence to support its claim for lack of jurisdiction. Defendant LTSC again resorts to character-assassination to explain why it should not have to meet a simple evidentiary standard:

> LTSC need not necessarily come forward with an affidavit regarding its activities, or lack thereof, in or related to the Commonwealth of Pennsylvania. Indeed, any affidavit would then reveal the identities of people who would expose themselves to the vexatious litigation tactics of the Plaintiff who has stooped so low as to file a lawsuit against counsel for LTSC. Surely, this Plaintiff, who has an established track record of clearly frivolous litigation, would certainly hunt down any person who would dare challenge him and he would file a frivolous lawsuit against them. These are his demonstrated proclivities. As such, in challenging this Court's jurisdiction, defendant LTSC relies solely upon the inability of the Plaintiff to show a factual basis for jurisdiction knowing that there are no such facts, based upon the fear of reprisal should LTSC put forward an affidavit.[6]

Defendant LTSC, through its co-defendant counsel, speaks of a "fear of reprisal," yet it is Plaintiff who has endured ongoing reprisals and repeated, systemic, and massive threats to his person, his employment and livelihood, and even those who align themselves with Plaintiff in public support. Defendant LTSC has been the primary beneficiary of this conduct, profiting extremely from its successful conspiracy to "destroy" the USENET alt.seduction.fast ("ASF") group, so that it could then offer its own commercial website as a "replacement for ASF" as stated in the "ASF FAQ" that LTSC publishes.

Despite LTSC's wishes, Plaintiff has no "established track record of clearly frivolous litigation," Losing cases are not necessarily frivolous ones, and *pro se* litigants often find themselves not prevailing due to procedural or strategic errors inherent in not being licensed attorneys. Their choice is to defend their rights as best they can or watch limitations statutes expire. In Plaintiff's cases, no dismissal has ever noted that a case was frivolous, and Plaintiff has never been sanctioned under Rule 11. To equate a losing case with a frivolous one would have a

---

[6] Defendant's Memorandum, ¶ III(A), p. 5.

chilling effect on litigants who are entitled to relief but fear exercising their rights in the event they may not prevail even when clear "probable cause" exists.

Defendant LTSC is not some "helpless rabbit" who is being picked on by Plaintiff. It has asserted itself a de-facto "owner" of a public USENET group, given itself a "right to SPAM" the group by declaring it "dead," blaming Plaintiff for "killing" it, and then telling the entire public that the ASF traffic has been relocated to its website, while allowing other Seduction Mafia operatives to do the "dirtywork" of defaming, harassing, and threatening Plaintiff, while ensuring that they create so much "noise" in the process, that any readers of ASF become frustrated and seek out alternatives on the web, namely Defendant LTSC's website. No American should have any reasonable expectation of engaging in conduct of this nature without having to answer for it in a court of law.

Plaintiff has never abused any discovery information, and in fact has kept confidential, without prompting by any court, a large volume of highly sensitive and personal information that he would have publicized had his character been anything resembling Defendant's portrait of it. Plaintiff is not seeking any information greater than that necessary to litigate this matter, and even if Defendant's fears were founded, it could have filed an "in camera" copy of the affidavit with the Court, and a redacted one with Plaintiff. Nevertheless, Plaintiff is already entitled to Formhandle's identity, as he is a defendant in this action, and he is entitled to jurisdictional discovery in order to meet his burden for establishing jurisdiction, as noted by Defendant Ross:

> A plaintiff can not just rely on bald assertions regarding the defendant's contact with the forum state. Carteret Sav. Bank v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). Rather, a plaintiff is required to present evidence sufficient to establish a prima facie case for the exercise of personal jurisdiction. Mellon Bank v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992), Carteret Sav. Bank, 954 F.2d at 146.[7]

---

[7] Defendant Ross's Memorandum, ¶ III(A)(2), p. 5.

A summary denial of jurisdiction, without affidavits or evidence, as LTSC is attempting, contravenes existing case law. Further, in <u>Toys "R" US, Inc., v. Step Two</u>, S.A., 318 F.3d 446 (3d Cir. 2003), the Third Circuit remanded the case back to the District Court to allow for exactly this type of discovery when jurisdiction was in controversy, refusing to allow a motion to dismiss for lack of jurisdiction without the Plaintiff having the benefit of such discovery. Plaintiff has yet to be afforded such discovery, so dismissal for lack of jurisdiction would be premature.

## 2. **Purposeful Availment by LTSC.**

Defendant LTSC argues:

> In paragraph 13, the plaintiff fails to assert sufficient facts to justify jurisdiction. First, he alleges that solicitation of donations "all over the world, including in the Commonwealth of Pennsylvania and Philadelphia" might justify jurisdiction. This is completely frivolous. Assuming the allegations to be true, worldwide solicitations do not even hint at suggesting a "purposeful availment"[8]

Plaintiff had set forth several grounds for jurisdiction against all Defendants in paragraph 11, which was not noted by Defendant. Additionally, Plaintiff first will recite Paragraph 13 of the Amended Complaint:

> 13. Jurisdiction over Defendant LTSC is further conferred by virtue of LTSC soliciting and receiving donations to its website from internet users all over the world, including in the Commonwealth of Pennsylvania and Philadelphia, and by the "100-mile bulge" that extends to Wilmington, Delaware, which is where its registered agent, Business Filings, Inc., is located. Further, *since Defendant LTSC receives donations via e-mail through Paypal, it has no way of knowing if those users are from Pennsylvania, as Paypal users are not required to share their addresses with merchants.*[9] (Emphasis Added).

Defendant LTSC neglects to reference the emphasized part of paragraph 13, which shows that even it has no way of knowing the residence of all who donate, presuming even

---

[8] <u>Id</u>.
[9] Amended Complaint, ¶ 13, p. 4.

7

that it has never received donations from a Pennsylvania resident, or that doing so is even

necessary, since it solicits donations from the Commonwealth just the same.

The most relevant precedent for the instant motion would be Zippo Mfg. Co.

v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1122 (W.D. Pa. 1997), where that court engaged in an

extensive analysis of internet jurisdictional issues in a manner which clearly favors the Plaintiff in

this motion, and noted:

> *The likelihood that personal jurisdiction can be constitutionally exercised is*
> *directly proportionate to the nature and quality of commercial activity that*
> *an entity conducts over the Internet*....If the defendant enters into contracts
> with residents of a foreign jurisdiction that involve the knowing and repeated
> transmission of computer files over the Internet, personal jurisdiction is proper.
> E.g., CompuServe, Inc. v. Patterson, 89 F.3d 1257 (6th Cir.1996). (Emphasis
> Added).
>
> Traditionally, when an entity intentionally reaches beyond its boundaries to
> conduct business with foreign residents, the exercise of specific jurisdiction is
> proper. Burger King,[10] 471 U.S. at 475, 105 S.Ct. at 2183- 84. Different results
> should not be reached simply because business is conducted over the
> Internet.... *Defendants who "'reach out beyond one state' and create*
> *continuing relationships and obligations* with the citizens of another state are
> subject to regulation and sanctions in the other State for consequences of their
> actions." International Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct.
> 154, 159- 60, 90 L.Ed. 95 (1945)
>
> In Maritz, Inc. v. Cybergold, Inc., 947 F.Supp. 1328 (E.D.Mo.1996), the
> defendant had put up a Web site as a promotion for its upcoming Internet
> service. The service consisted of assigning users an electronic mailbox and
> then forwarding advertisements for products and services that matched the
> users' interests to those electronic mailboxes. Maritz, 947 F.Supp. at 1330. The
> defendant planned to charge advertisers and provide users with incentives to
> view the advertisements. Id. Although the service was not yet operational,
> users were encouraged to add their address to a mailing list to receive updates
> about the service. Id. The court rejected the defendant's contention that it
> operated a "passive Web site." Id. at 1333- 34. The court reasoned that the
> *defendant's conduct amounted to "active solicitations" and "promotional*
> *activities" designed to "develop a mailing list of Internet users"* and that the
> defendant "indiscriminately responded to every user" who accessed the site. Id.
> at 1333-34.

---

[10] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183-84, 85 L.Ed.2d 528 (1985)

Defendant LTSC argues that even if it did receive contributions from Paypal from Pennsylvania residents, that this would not amount to purposeful availment. That is a matter of law for this court to decide, and the precedent appears to weigh heavily in favor of the Plaintiff.

### 3. RICO'S Nationwide Service of Process.

Defendant LTSC invoked Defendant Ross's second motion to dismiss, but filed its motion to dismiss prior to Plaintiff's brief in opposition to Defendant Ross's motion, in which Plaintiff noted that he had asserted jurisdiction under RICO in paragraph 11 of the Amended Complaint. Under 18 USC §1965(b), RICO provides for nationwide service of process.

In <u>Rolls-Royce Motors Inc. v. Charles Schmitt & Co.</u>, 657 F. Supp. 1040 (S.D.N.Y. 1987), which involved RICO as well as trademark infringement claims, a district court judge in New York agreed with Rolls-Royce that it had personal jurisdiction over a Missouri car dealership's president, despite the absence of any tort in New York, simply because ***RICO allows for nationwide service of process***:

> "When such nationwide service of process is authorized, a federal district count's jurisdiction is coextensive with the boundaries of the United States, [and] due process requires only that a defendant in a federal suit have minimum contact with the United States."

In <u>ESAB Group, Inc. v. Centricut, Inc.</u>, 126 F.3d 617, 629 (4th Cir. 1997), for example, the standard for allowing a Plaintiff to claim jurisdiction due to nationwide service of process is that the RICO claims must not be "immaterial or insubstantial." That is clearly not the case here, as Plaintiff is suing over a "Seduction Mafia" whose structure and operation resembles that of any organized-crime outfit.

Additionally, since the predicate acts alleged in the Amended Complaint occurred in part in Pennsylvania (specifically, Defendant Penn's obstruction of justice with regard to Wintermute), the alleged RICO enterprise has engaged in operations in the Commonwealth which also subject it and any of its members to its jurisdiction.

Regarding the "100-mile bulge," Plaintiff included that as a grounds for conferring jurisdiction under RICO rather than personal jurisdiction. The argument was not "nonsense" as that "bulge" is a factor in RICO cases or any case where convenience is a factor. Delaware is almost identical in distance from Massachusetts as Pennsylvania, and Plaintiff certainly has jurisdiction in those courts, given that Defendant LTSC's registered agent is now located in Wilmington. A removal of this case to Delaware would certainly prejudice Plaintiff far more than Defendant LTSC, as Plaintiff would have to travel dozens of miles, while LTSC would barely be farther away from the new venue.

**B.    The Amended Complaint States A Claim For Which Relief Can Be Granted.**

Defendant LTSC makes extensive arguments concerning past filings and past cases which are not germane to the present case, and attempts to use those arguments to justify dismissing this action. Obviously, this pleading should be judged solely on its merits, and as the previous orders dictated, *without prejudice* to the previous dismissals, which were strictly for procedural reasons. Contrary to Defendant LTSC's portrayal of Plaintiff as having a "lack of respect" for this Court, Parker v. LTSC (I) was dismissed only because of a heightened pleading standard involving *pro se* Defendant Geiger. The merits of the previous cases were never adjudicated, and the dismissals could not even have been appealed. Defendant LTSC seems more agitated by the nature of civil process than Plaintiff's correct use of it. Plaintiff has taken into consideration the previous rulings and has laid out a far more concise, readable, and better-pled Complaint.

Defendant LTSC argues:

> The problem with the Plaintiff s Amended Complaint is that he leaps from insults against him to the legal conclusion that there is a cause of action that he can assert in a court of law. Based on the assumption that any of what the Plaintiff alleges makes any sense, it appears that he is alleging that there is a criminal conspiracy against him which underlies his civil racketeering claim and other claims. As to all of the claims against all of the parties (a statement which Plaintiff will allege is in furtherance of this conspiracy) it only

10

appears that everything he alleges amounts to the following: That there is protected free speech in where people may be resorting to hyperbole in criticizing the Plaintiff. Insults, however, no matter how base, cannot form the basis for the claims that the Plaintiff has asserted in the case at bar.

Defendant LTSC completely ignores the Lanham Act claim, which simply states that Defendant's publication of the "ASF FAQ" document amounts to deceptive advertising (a clearly-pled claim), but also attempts to classify the alleged conduct as mere "insults" and "hyperbole," or "protected free speech."   Following are some examples of what Defendant LTSC is attempting to sweep under that rug:

        1.   Repeated threats against Plaintiff, such as those from "Player88," where he stated "*I know exactly where you live. Knocked on your door tonight, even.* You didn't answer. I was dressed in a Grim Reaper outfit. (10/31/2004). [11]

        2.   The following threatening remarks from Vincent Runza, Jr. (a former moderator of the "ASF chat" on IRC and regular contributor to the LTSC website), who also took time out to promote LTSC when he wasn't attempting extortion against Plaintiff to get him to leave the group for LTSC's benefit (these are from ¶ 120 of the Amended Complaint):

        a.   What I would really like to do is send a few bikers to your house to beat the living shit out of you. (01/08/2004). [12]

        b.   Interesting coincidence - I was chatting with Jack's brother last night. Gordo came up in the convo. *Jack's brother would like to stomp your ass, Nutso.* BTW, you FAILED to mention contacting Jeri's sister by phone and the exchange between *her husband the COP* and yourself. Wanna keep pushing people? You may find that others, less patient than myself, will do something about your abusive behavior that will land you in jail. (03/10/2004). [13]

        c.   Jack died in service to his country. The Editorial Staff identified the accident that killed him. Jeri is a wonderful woman, widowed in a most terrible manner. Jack's brother, who shall remain nameless because Cavescum might try harassing him to serve his own twisted ends, is definitely alive and kicking. I hope people will just leave them in peace. I was disturbed to see that the

---

[11] **Message ID:** <311020042338329395%name@host.ws>.
[12] **Message ID:** <e5187c40.0401082330.6b3561ea@posting.google.com>
[13] **Message ID:** <e5187c40.0403100520.186a2ba@posting.google.com>.  This is the same "Jeri Ryan" who it has been falsely claimed is a woman that Plaintiff has stalked and threatened, including but not limited to with the forged e-mail posted by "Editorial Staff" and quoted by Defendant Ross.

Editorial Staff had contacted Jeri, but I realized they were NOT harassing her - their own actions with respect to me convince me of their honor and rectitude. If Ray Gordon doesn't realize he's hurting good people, innocent people, with his demented pursuit of his 'enemies', then *he needs to be put in an insane asylum.* (03/11/2004).[14]

d. http://web.archive.org/web/20030620133157/http://www.ray-gordon.com/. This link is purely for informational purposes and is in no way representative of an attempt to defame Ray Gordon. (04/14/2004). [Message Subject: "Link To Ray-gordon.com].[15]

f. By annoying everyone who asks a seduction question here, GORK drives honest seekers of information to http://www.fastseduction.com/ for real answers to seduction questions. (06/18/2004).[16]

g. Manic phase today, GORK? *I emailed* [Formhandle] to make sure he cuts off your AOL access. As you said, I'm mistaken. You're even crazier than I represented. (07/09/2004).[17]

h. *I've been working on a book* about inner game, in a desultory fashion. I've also noticed that my .gzip archive is hard to use as a reference, since there's a ton of responses to other posts that don't really offer content (never mind the clever flames and one-liners). (07/10/2004).[18]

3.     More threats and defamation amounting to extortion from "Aardvark," a

"fan" of Defendant Ross (who is affiliated with Defendant LTSC in promoting Speed Seduction)

and "SSer" whose main function is to deflect liability from Defendant Ross and the Seduction

Mafia.  The following statements are taken from paragraph 121 of the Amended Complaint:

a. "he has criminally tresspassed (a federal offense) into websites and forums.... ray gordon or gordon roy parker or whatever he wants to call himself belongs in jail for his crimes. i told him that *as a member of the media* i would hold him accountable for his actions and call him on the carpet whenever he makes a statement." (07/24/04).[19]

b. "i just want him to know that he's facing prison time, time away from usenet and instead his gross shell of a body in the clutches of equally evil men who won't put up with his games. men who  look to stretch the anus of a punk like him." (07/25/04).[20]

---

[14] **Message ID:** <e5187c40.0403111444.259d117b@posting.google.com>.

[15] **Message ID:** < e5187c40.0404140506.5454273e@posting.google.com>.  This is a link to the "internet archive" of the RayFAQ page.

[16] **Message ID:** <2jhf4sF10r4ddU1@uni-berlin.de>.

[17] **Message ID:** <2l7spnF9rheuU1@uni-berlin.de>.

[18] **Message ID:** <2la78gFaku42U1@uni-berlin.de>.  This post shows a desire to enter the commercial market through the LTSC message boards, where the message was originally posted.

[19] **Message ID:** <8nwMc.23088$8_6.6086@attbi_s04>.

[20] **Message ID:** <ZqUMc.27641$eM2.1960@attbi_s51>

c.  *[T]his was forwarded to all the email addresses provided in the original plea for help [the RayFAQ].  courts*, sheriffs office, dist atty, etc. they all got it. my grandpa always said that if you sling enough shit, some of it's bound to stick somewhere. lets just see where some of this sticks, shall we? [Following is the alleged "letter" he sent]:

Gordon Roy Parker/4247 Locust Street, #806/Philadelphia, PA 19104/ (215) 386-7366

The above individual (AKA Ray Gordon) has publicly admitted to the crimes of "hijacking" a website and replacing the information with false information in an effort to have the site shut down. He has also been engaging in threatening Internet Service Providers into giving up information on their clients by falsely claiming, over the phone, to be a bar certified lawyer in an attempt to coerce said providers into bowing to his will. Mr. Parker has also been caught reposting information to a usenet newsgroup(s) obtained from a website and message forum that Parker was forbidden from accessing due to his behavior. Even after being warned to cease and desist from such behavior, Parker kept "hacking into the site, using alternative aliases to hide his identity.

He has engaged in outright barratry and threats of lawsuits to silence his critics who only wish for Parker to refrain from illicit or discourteous behavior. He has libeled users of the usenet group with terms such as "hypno-rapist" and "mind rapist". Parker has wished death upon the children of his detractors. This individual is a danger to the public at large and a man admittedly enjoying what he perceives to be an "immunity" from punishment for his acts bragging about being such engaged in criminal activities on a regular basis. *It is my sincere hope that you would be able to assist with the apprehension and seclusion from decent society of Mr. Gordon Roy Parker, be it in a jail or perhaps a mental institution should it be deemed fitting if Parker is declared incompetent.*

I would be happy to provide my name you you upon request should it be absolutely necessary on the condition that such private information about myself is not made available to Parker for his misuse and further criminal mischief making. I hesitate to give it now as I simply do not wish for Mr. Parker to see it attached to theis message as he is often engaged in the merciless harassment of his perceived "enemies" once he has their personal information in hand.  Parker has been known to also masquerade as a bar certified attorney to threaten and harass the families of his said "enemies". Thank you in advance for your attention to this matter.

d.  "you ripped off [Plaintiff's first book] from ross jeffries." (08/27/04)[21]

e.  "ray is a fugitive from justice who forgets that that will be very likely brought up at any of his future court jesterings." (03/08/05).[22]

---

[21] **Message ID:** <_4LXc.320029$a24.128714@attbi_s03>
[22] **Message ID:** <TtjXd.45782$r55.7075@attbi_s52>.

f.   "i wonder what kind of dirt the pennsylvania bar association has on ray or could have." (03/11/05).[23]

g.   "isn't it illegal to falsely portray oneself as a lawyer?." (03/27/05).[24]

h    "you need to be put away. a mental institution or jail *without the benefits of an internet connection* for you, will do just fine." (04/12/05).[25]

i    "you are not fit to comment on anyone who is employed because you are 100% unemployable." (04/18/05).[26]

j.   hey fathead...over here, dummy.  guess what really angers *real* mafia types? jerks like you, gumby. you know, the kind of schmucks that casually throw around terms like "mafia" and "rico" and say that they are going to use the heavy hand of government to push people around. you best thank your lucky stars that none of them read this newsgroup (not yet at least) since your home address is on all of usenet to read,  you bent head buffoon. (06/13/2005).[27]

4.   Defendant LTSC has hardly assumed a passive role in this conduct, either.

The following statements by LTSC/Formhandle are taken from paragraph 65 of the Amended Complaint (it should be noted that Defendant only cites paragraph 65(a) in his motion):

a.   "is there really no Ray here?"

"As long as he's not posting, that's all that matters.  Once he does break down temptation and actually post, he'll be spotted quite easily and have his account and whatevr posts he made deleted (including all responses to his post). But I doubt he would even create an account here.  It would be very easy to then determine his ISP's address blocks and deny access to his entire ISP if necessary." (11/02/01, to the LTSC message boards).[28]

b.   "> You've officially turned Ray out and made him your bitch, and I > commend you. (From "Odious")

Well done! LOL - I [Formhandle] was saying basically the same thing to one of my wings.  That the solution to the Ray crap wasn't to constantly feed him with what he wants - attention - but rather *use that psychological need of his to turn him into my bitch.*  It's now like shoveling putting coal into steam engine. (11/14/2001).[29]

c.   Candor wrote:

---

[23] **Message ID:** <p9iYd.118012$tl3.40457@attbi_s02>.
[24] **Message ID:** <D%F1e.9292$NW5.4368@attbi_s02>.
[25] **Message ID:** <kTO6e.8365$Bb3.5498@attbi_s22>.
[26] **Message ID:** <ehQ8e.26776$xL4.16892@attbi_s72>.
[27] **Message ID:** <Wyare.54809$nG6.12847@attbi_s22>.
[28] **Message ID:** <208.72@discussion.fastseduction.com>.
[29] **Message ID:** <3BF268E9.2A8C3A3C@aol.com>.

14

> I've been ridiculously busy with work the last couple of months, so I
> haven't had much time to contribute to the newsgroup.

*Now that you're back, take a note that most regular (normal, troll-free, spam-free) ASF discussions are happening on the priivate moderated ASF forums. You can create an account at:*

http://www.fastseduction.com/discussion/

You'll get e-mailed a password with instructions and then will be able to gain access to the newsgroup version of the conferences. The conferences are accessible with a web browser, newsreader, and even through e-mail, and are all synchornized with full threading support. Real-time search is supported and there are moderation features in place which allow me to keep garbage at bay - primarily to keep away any threat of Ray's presence and the crap he drags around with him. Most of the ASF regulars have already created accounts there. 400 people have signed up in about 3 weeks and another 1,000-2,000 people are lurking there regularly rather than here. Most of what fills ASF now are Ray trolls, useless off-topic cross-posts from Ray, Ray rants, responses to Ray garbage, spam, and lost newbies. (11/17/2001, to ASF).

-- jay (formhandle@fastseduction.com). Fast Seduction 101
http://www.fastseduction.com/ Class is now in session...Say goodbye to trolls, newsloons, and spam.Gain access to the moderated ASF newsgroups at:
http://www.fastseduction.com/discussion/[30]

d.  "Has anyone read a once online book entitled "Outfoxing The Foxes"? The author seems to have certain ideals about chycks, particularly hot looking chicks and how they act in society." (From: "observer").

(From Formhandle): *"The guy that wrote that shit was and remains an endless troll to the public ASF newsgroup. His demented bipolar disorder garbage posts, threats of lawsuits, misogyny, and general degenerative psychotic paranoia stank up the newsgroup so badly for so long that it lead to the formation of the mASF forum on this server.* He's still posting his shit to public ASF because, well, he is completely banned from posting on this forum. Which is one of the primarily reasons the discussions are flourishing here while the original public ASF turns into a cesspool of off-topic useless feces. Oh, and his books are shit. (04/23/2002, to the LTSC message board "alt.seduction.fast.tactics-techniques).[31]

e.  "Scientifikx wrote: http://www.[******].com/hotties.html. Anyone seen [Plaintiff's "Why Hotties Choose Losers"] site ? >It's like a website that teaches women to go for AFC's and avoid the players. The player techniques that we use on women are discussed and shows women how to combat against these techniques."

[From Formhandle]: Yeah, that's R*y G*rd*n's web site. He's 100% off-topic on

---

[30] **Message ID:** <3BF69CA6.300328A5@fastseduction.com>.
[31] **Message ID:** <17765.2657@discussion.fastseduction.com>.

mASF. If you don't know why, take a peek at uASF...and it's all retarded. (03/12/2004, to the LTSC message board "alt.seduction.fast.off-topic.")[32]

f. [From a post entitled "Moderating alt.hypnosis?"] "Hi, not sure if this is of interest to you folks here, but the "Ray problem" was solved about 2 years ago on ASF (alt.seduction.fast). Not only was it solved, but the subsequent solution allowed the ASF community to thrive." (03/21/2004, to alt.hypnosis).[33]

g. "I'm a bit swamped right now but would appreciate someone or a few people to take the time to dig up specific pasts posts of Gordon Roy Parker (aka Ray Gordon) where he publicly admits to having bipolar/bi-polar disorder (suffers from manic depression). Yes, it's related to the case." (04/27/2004)[34]

h. "Ray, Ross' products rival yours the way chocolate mousse in a crystal serving bowl rivals a shit stain on the heel of a shoe. And THAT is my OPINION." (04/30/2004)[35]

i. "I believe Gordon Roy Parker is in the midst of a full blown manic."

[From Formhandle]I hope you guys aren't suprised. It seems the details of the motion to dismiss are finally sinking in for him." (05/06/2004)[36]

j. "You're not banned because you have a dissenting opinion, you're banned because you're an asshole who has a habit of annoying the hell out of people endlessly." (05/14/2004).[37]

k. "As LTSC's lawyers have also done - *arguments in regards to all the other defendants.* Parker seems to believe he can magically pull some rule to convince the court that such a move somehow denotes an appearance on the part of LTSC's counsel in regards to the other defendants." (May 19, 2004).[38]

l. "If he does quote or provide some sort of reference, and it's a forum for which he's been told he's been told he's not allowed any form of access, and confirmed receipt of such a statement, *he will be admitting to electronic trespass over state lines.*" (05/27/2004).[39]

m. "[Plaintiff's] affiliates probably have some form of affiliate agreement. Or, at the very least, they would probably be interested to know the type of person/business promoting their products...if any of them were to get numerous e-mails from people in regards to an affiliate, *they may decide having that person as an affiliate might not be such a good idea.*" (06/02/04 to ASF).[40]

---

[32] **Message ID:** <137639.21500@discussion.fastseduction.com>.

[33] **Message ID:** <405E13D7.35D29B72@fastseduction.com>.

[34] **Message ID:** <408F00B9.7A65F012@fastseduction.com>.

[35] **Message ID:** <4091F32E.25E7FED@fastseduction.com>.

[36] **Message ID:** <409AFE8A.E9677074@fastseduction.com>. This post was made in response to a post that said "I believe Gordon Roy Parker is in the midst of a full blown manic." It also referenced the Motion To Dismiss filed by Defendant Wolf on behalf of *all defendants* in Parker v. LTSC (I).

[37] **Message ID:** <jOedndnc77UlbDndRVn-vA@giganews.com>.

[38] **Message ID:** <voWdnWfYt6B3TDbdRVn-jg@giganews.com>.

[39] **Message ID:** <XbOdnSqsFKVHySvdRVn-hg@giganews.com>.

[40] **Message ID:** <3cidne54aesxQyDdRVn-uA@giganews.com>.

n. "The only other legal liability I'm aware of is an admission from you in regards to accessing mASF when you've been informed multiple times not to and that *it would be treated as electronic tresspass across state lines."* (06/09/2004).[41]

o. "Ray Gordon is Off-Topic on all of mASF. Not even in Off-Topic. Period." (06/10/2004 to the LTSC message board "alt.seduction.fast.general).[42]

p. "It would be pretty simple for me to pass along the block [IP] definitions to Thundercat, presuming his web host uses Apache and allows URL re-writing in the configuration file. Maybe I'll get around to it after the database/search upgrades..." (06/30/2004).[43]

q. "The automatic posts are meant to save uASF newbies from the garbage and offer them the mASF option. (07/11/04).[44]

r. "Crazy fucked up deranged people tend to believe they are sane and repeat the same mistakes over and over. Gordon Roy Parker aka Ray Gordon always believes he's in the right and tends to repeat the same bullshit over and over." (08/14/2004).[45]

s. "I wonder how he'll be able to log onto the Internet and claim victory *when a court-appointed mediator is taking away his computer* as part of compensatory damages to LTSC. I surely would hope he finds a cyber cafe so he can let us all know about that victory." (08/23/2004).[46]

t. "LTSC's income is disclosed regularly -- to its accountant and to the IRS. Would you like the contact info of the IRS?..I can also inform them of your WTC comments, as well as the time you quoted a story here about a gun/violence-related incident in a PA court. I'm not sure how they will connect all that information but I'm certain they will find it interesting." (08/25/2004).[47]

u. "Apparently you need a study to inform you of this, as it doesn't seem (by your own accounts) you've been able to stay in any workplace long enough to see it for yourself." (09/01/2004).[48]

v. "The only one doing any "scorching" here the past few years has been Gordon Roy Parker." (09/022004 to ASF).[49]

w. "An ultimate solution was found in regards to the Ray problem. See my sig." (November 19, 2004 to ASF).[50]

---

[41] **Message ID:** <0fidnSpjH5kq0FrdRVn-gQ@giganews.com>.
[42] **Message ID:** <157535.24781@discussion.fastseduction.com>. The subject responded to was entitled "Ross Jeffries And Ray Gordon."
[43] **Message ID:** <PbCdnbub9uL1lH7dRVn-hA@giganews.com>.
[44] **Message ID:** <7cOdnTDCxPkpa23dRVn-vw@giganews.com>.
[45] **Message ID:** <mdGdnSZHOOFPOYPcRVn-rQ@giganews.com>.
[46] **Message ID:** <McOdnfjnIYzSALTcRVn-sg@giganews.com>.
[47] **Message ID:** <XZOdncXiBOoqkLDcRVn-qQ@giganews.com>.
[48] **Message ID:** <h7adnYWtxMAi46vcRVn-rg@giganews.com>.
[49] **Message ID:** <4sydnfEhy_T-PKrcRVn-oA@giganews.com>.
[50] **Message ID:** <86Wdna3nB4Kx2QPcRVn-qA@giganews.com>.

  x. "You are not a [business] competitor. You are, however, an annoying fuckwit and a poo-poo head." (November 19, 2004 to ASF).[51]

It should now be clear that the use of the terms "fuckwit" and "poo-poo head" were not the basis of this action, but instead were included to demonstrate malice and Defendant LTSC's utter contempt for the notion that Plaintiff has rights. This very conspiracy that Defendant LTSC is attempting to vacate itself from is the same one whose defendants received the benefit of legal services which were paid for by LTSC (in the form of a motion to dismiss on their behalf), with money that was earned through the very RICO conduct alleged by Plaintiff. There could not be a clearer violation of 18 USC §1962(a)'s investment-of-proceeds language.

### C. Lanham Act/Other Claims

Since Defendant LTSC called this conduct "protected free speech," it has not addressed the RICO, Lanham Act or Antitrust claims as a matter of law. A finding by this court that the statements set forth  could give rise to liability under those Acts would therefore be sufficient to deny the motion to dismiss. Plaintiff has alleged interaction, profitability, acting in concert, and general conspiracy between LTSC and Ross.

Further, as it relates to the Antitrust claims, Defendant LTSC has made no legal arguments which refute Plaintiff's claim that the "ASF FAQ" is anticompetitive and in violation of antitrust law, or that its policy of excluding Plaintiff as even a topic of discussion, and its general exclusion of certain advertisers in favor of the "Seduction Mafia," also constitute antitrust violations in general or restraint-of-trade violations as they relate to Plaintiff.

The "ASF FAQ" document published by Defendant LTSC (even after being put on notice of this lawsuit) is designed to convince readers of ASF that Defendant's "commercial website" is a "replacement for ASF," a group which has no owner and which cannot be

---

[51] **Message ID:** <0p-dnSXlPIgR0gPcRVn-iw@giganews.com>.

18

"moderated" by anyone. Plaintiff has alleged the requirements of a Lanham Act claim by pleading that the statements are deceptive (false and misleading), were made in commerce, and caused a competitive harm to Plaintiff, who equated them with advertising a private park in a public park and telling the public that the public park was closed so they should visit the private park instead. That claim more than any other has nothing whatsoever to do with any "insults and hyperbole" directed at Plaintiff, or as Plaintiff calls it, defamation, commercial disparagement, invasion of privacy, and extortion in violation of the Hobbs Act.

## IV.  CONCLUSION

For the reasons set forth hereinabove, Defendant LTSC's Second Motion To Dismiss should be **denied**, and his Conclusion (paragraph III of his Memorandum) should be struck from the record. An appropriate form of order is attached.

This the 5th day of December, 2005.

Gordon Roy Parker
Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

19

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, | : : : | |
| Plaintiff, | : : | |
| v. | : | **CASE NO.: 05-cv-2752** |
| **Learn The Skills Corp.**, et al. | : : | |
| Defendants. | : : | **Hon. Harvey Bartle, III** |

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, hereby certify that I have served the foregoing **Brief In Opposition To Defendant University of Pennsylvania's Second Motion To Dismiss, Brief in Opposition To Defendant LTSC's Second Motion To Dismiss,** and **Brief in Opposition To Defendant Wolf's Second Motion To Dismiss,** on the following Defendants, by the following means:

**Trustees of the Univ. of PA**
Dennis G. Young (Counsel)
Montgomery, McCracken,
Walker & Rhoads
123 South Broad Street, 28th Fl.
Philadelphia PA 19109
**Hand Delivery**

Thom E. Geiger
817 North McCrary Road
Columbus, MS 39702-4320
**Regular Mail**

**Mary Kay Brown, Esq.**
Buchanan Ingersoll
1835 Market Street, 14th Floor
Philadelphia, PA 19103
**Hand Delivery**

Formhandle@fastseduction.com
Learn The Skills Corp.
955 Massachusetts Ave, #350
Cambridge, MA 02139
**Regular Mail**

Matthew S. Wolf, Esq.
241 Kings Highway East
Haddonfield, NJ 08033
Attorney For LTSC And
Defendant
**Regular Mail**

**FILED**
**DEC 0 5 2005**
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

This the 5th day of December, 2005.

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com
Plaintiff, Pro Se