IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, | : |
| Plaintiff, | : |
| vs. | : Civil Action |
| | : Case No. 05-cv-2752 |
| LEARN THE SKILLS CORP., ET AL. | : |
| Defendants. | : |

**DEFENDANT LEARN THE SKILLS CORP.'S
MEMORANDUM OF LAW
IN OPPOSITION TO THE PLAINTIFF'S
MOTION TO CONDUCT JURISDICTIONAL DISCOVERY**

**Matthew S. Wolf, Esquire
241 Kings Highway East
Haddonfield, NJ 08033
(856) 795-6663
Attorney for defendant, Learn
the Skills Corp.**

December 16, 2005

**ARGUMENT**

Plaintiff Gordon Roy Parker has filed a Motion to Conduct Jurisdictional Discovery as to defendants Ross, Geiger and my client, Learn the Skills Corp.  The Court should deny the motion for discovery.  It is clear from the authority cited by the Plaintiff that he is not entitled to relief.

Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455 (3rd Cir.2003), clearly indicates that: ". . . courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" 318 F.3d at 456 (citing Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir.1997)).  In order to be entitled to jurisdictional discovery, this Court would have to determine that the Plaintiff's claims are not "clearly frivolous".  The Court would then have to review the Amended Complaint filed by the Plaintiff and glean a cause of action from it which could be sustained in the long term.  This is an impossible task.  The Plaintiff's claims make no sense whatsoever and consist only of generalized reprinting of postings on the internet about the Plaintiff which he finds subjectively offensive.  None of the Plaintiff's claims amount to good faith claims of a non-frivolous nature.

In fact, if the Court were to grant jurisdictional discovery, it might reward the Plaintiff with exactly what he is seeking, which are the identities of people who he may then harass without basis.  Evidence of his intent to do this is two-fold.  First, the nature of the lawsuits he has maintained in this lawsuit and its previous iteration where he compiles massive pleadings and sues people for the sake of damaging them.  Second, the fact that he has sued the undersigned for making one statement in legal papers for suggesting that the Plaintiff's claims are so frivolous that his claims should be dismissed as to every party.  The Plaintiff has shown a pattern and practice of frivolous lawsuits against people he can identify through the internet.

Unfortunately, despite the frequent motion filings by defendant Learn the Skills Corp. in an effort to stop the Plaintiff, the Plaintiff has been permitted to continue to unlawfully dilute the defendants (and counsel) of counsel fees, costs, business time and energy.  This is to say nothing of the judicial resources being wasted by the Court having to deal with the Plaintiff's filings

while cases of substantial merit suffer from the distraction that the Plaintiff presents in his frivolous filings.

How much leeway should the Court grant Mr. Parker? According to the Court in <u>Toys "R" Us, Inc.</u>, supra, he has already been given enough leeway. The Court in <u>Toys "R" Us, Inc.</u> stated:

> If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," <u>Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino</u>, 960 F.2d 1217, 1223 (3d Cir.1992), the plaintiff's right to conduct jurisdictional discovery should be sustained. 318 F.3d at 456.

The Plaintiff has failed to present factual allegations with reasonable particularity to suggest the possible existence of the requisite contacts between Learn the Skills Corp. and the Commonwealth of Pennsylvania. As set forth in Learn the Skills Corp.'s motion to dismiss, the only bases for jurisdiction suggested are threefold: receiving donations from internet users all over the world, the "100 mile bulge", and "Paypal." See paragraph 13, page 4 of the Amended Complaint. These three bases for jurisdiction do not suggest anything that merits further discovery. Even if they were borne out to be true in discovery, those facts do not justify jurisdiction of this Court for all of the reasons set forth in the Motion to Dismiss.

There is nothing in the Plaintiff's motion where he points to anything to suggest the possible existence of the requisite contacts. Jurisdictional discovery would be an end in itself for the Plaintiff since he could use that process for his ulterior motive, i.e., further frivolous litigation for the sake of frivolous litigation. The Court should deny this motion.

                                                  Respectfully,

                                                  /s/ Matthew S. Wolf

                                                  Matthew S. Wolf

cc:    Learn the Skills Corp.
        Mary Kay Brown, Esquire
        Dennis G. Young, Jr., Esquire
        Gordon Roy Parker, *pro se*