

Thomas Edward Geiger
Defendant, Pro Se
817 N. McCrary Rd.
Columbus, MS 39702
Telephone: (662) 328-3630

GORDON ROY PARKER, a.k.a. Ray Gordon, dba
Snodgrass Publishing Group,
4247 Locust Street, 0806
Philadelphia, PA 19104

|   Filed: June 9, 2005

                    Plaintiff,

V*

Learn The Skills Corp., c/o Business Filings, Inc., 9 East
Lockerman Street, Suite 205 Dover, DE 19901;
Formhandle@fastseduction.com, c/o Business Filings,
Inc., 9 East Lockerman Street, Suite 205, Dover, DE 19901;
Thom E. Geiger, 817 North McCrary Road, Columbus, MS
39702-4320; Paul Ross, a/k/a "Ross Jeffries" a/k/a
ErosLA77@aol.com, 310 Tahiti Way, Marina Del Ray, CA,
90292-6789, Trustees of the University of Pennsylvania,
133 South 36th Street, 3rd Floor, Philadelphia, PA. 19104;
Matthew S. Wolf, Esq., 1236 Brace Road, Unit K, Cherry
Hill, NJ, 08034, and John Does 1-100

CASE NO.: 05-cv-2752

Hon. Harvey Bartle, III

FILED
JAN 2 3 2006
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

                    Defendants.

DEFENDANT THOMAS GEIGER'S REBUTTAL TO PLAINTIFFS' BRIEF IN OPPOSITION
TO MOTIONS TO DISMISS.

-1-

CASE NO.: 05-cv-2752

[1] COMES NOW Thomas Geiger, Resident of THE State of Mississippi, and Defendant in the above entitled matter (hereinafter "Defendant"), to submit this, Defendant's REBUTTAL TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS AND DEFENDANT'S NOTICE OF OPPOSITION TO PLAINTIFF'S MOTION TO CONDUCT JURISDICTIONAL DISCOVERY..

[2] Defendant herein addresses issues of error and admissions of fact in Plaintiffs' BRIEF IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS, as follows:

[3] In his introduction, Plaintiff Gordon Roy Parker states Defendant has not followed generally acceptable form for filing motions, specifically, the motions are jumbled together, not dated, not organized properly, and in many cases, without citations or relevant case law.

[4] While Defendant agrees that he has no legal experience or training, and as Plaintiff noted in his Brief, is proceeding pro se out of necessity and not by choice, Defendant disagrees with this characterization of his sincere efforts to mount an adequate defense as jumbled together, not dated, not organized properly, and in many cases, without citations or relevant case law.

[5] Arguably, it can be claimed Plaintiff's many and numerous complaints and filings share that same description, an opinion shared by the Hon. James McGirr Kelley and recorded in Case number 2:03-cv-06936-JK, PAED, and in fact, in his current Amended Complaint, Plaintiff has so convoluted the meanings of "domain", "website" and "domain name", there is no rational way any defendant can ascertain the specific meanings of each use of each word in the Complaint.

[6] The Motions filed by Defendant Geiger, although filed in one document, are listed and argued separately, the entirety of the collective Motions to Dismiss are dated as a single document, each page is numbered (as seen by the Court in it's own copy of the Motions as filed), individual paragraphs are numbered (as shown by Plaintiff's response by the same numerical listing) and

when case law is referenced, citations are provided as researched by the Defendant in the only way Defendant knows how.

[7] Defendant has, is and will continue to attempt to present all filings and responses to the Court in as intelligent and legible a manner as is humanly possible, but in spite of errors in appearance or compilation, Defendant believes his filings to be plain and straightforward for the purposes of resolving the current action and to realize justice and due process.

[8] Plaintiff Gordon Roy Parker has, once again, repeated for the court record, the argument that the registration and/or pointing of a domain name allows a person to control any content the domain name is pointed to. As clearly stated in Defendant's Motions to Dismiss, this argument runs throughout Plaintiff's filings and actions and serves as the sole foundation of his conspiracy allegations against Defendant.

[9] The argument that the registration of a domain name allows a person to control any content the domain name is pointed to is blatantly false, and Plaintiff has acknowledged being a domain name owner and a website author, and as such, knows the difference between the two. Still, Plaintiff has attempted to perpetrate upon the court an outright misrepresentation and false assertion not borne out by the facts as presented by Defendant in his demonstrations to the Court, which Plaintiff ignores and does not attempt to address in his Opposition to Defendant's Motions to Dismiss.

[10] In response to Plaintiff's assertions that Defendant, by mere virtue of being the registrant and contact of record for a domain name, has complete control over any website the domain name points to, and since the entire history of this unending flow of frivolous and vexatious litigation involves one domain name, that being ray-gordon.net, Defendant Geiger has arranged for the ray-gordon.net domain name (as was done in his prior demonstration for this Court with the domain name Takebackcityhall.com) to point to the public website for this very Court.

[11] As he failed to address the previous similar demonstration Defendant arranged for this Court, Plaintiff cannot, in any way whatsoever, justify his argument that the registration and/or pointing of a domain name allows a person to control any content the domain name is pointed to.

[12] This demonstration proves beyond any doubt Defendant cannot control any content on a website the ray-gordon.net domain name is pointed to, simply because the name is pointed to the site.

[13] Plaintiff Parker has once again attempted to obfuscate the nature of his allegations and cloak them in misrepresentations about the nature of a domain name, which cannot host a website or computer files. Defendant has proven a domain name is a name only, an alphanumeric pointer to a website, and in fact, Plaintiff admits same in his BRIEF IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS (Page 13, #38):

> **38. Denied. Defendant is hair-splitting: a domain name is what people type into a computer, to get to a website. The domain name is merely a verbal representation of the website's IP address. The domain owner controls which IP the website is located at, and who may upload files to that domain. Any citations to previous evidence should also be pinpoint, but are not here.**

[14] This is the only instance Defendant can find in all Plaintiff's filings, in this and previous actions, where the true relationship between a domain name and a website are mentioned by Plaintiff, and the only instance Defendant can find in all Plaintiff's filings where Plaintiff accurately, honestly and truthfully differentiates between a domain name and a website, instead of using the single term "domain" interchangeably in referring to both.

[15] This is not "hair-splitting" as inferred by Plaintiff, because, to use his analogy of cars, the license plate on a car is only a record of the car, not the car itself, just as a phone number is not a telephone and an address is not a physical residence.

[16] Plaintiff has purposely misrepresented the relationship between a domain name and a website throughout his numerous complaints and actions. Either one can exist without the other,

-4-

and neither one confers control over the other, and Plaintiff continues the misrepresentations and obfuscations begun in his original complaint in his first action against Defendant Geiger, in attempting to use the single word "domain" in referring to both a domain name and to a website.

[17] The confusion and false light such misuse of a single word, to describe two separate entities, can cause is highly prejudicial, not accurate in any way and, given the fact that Plaintiff is a domain name registrant and a web content author and intellectual property owner himself, can only be used in Plaintiff's filings in such a manner to attempt to create that exact confusion and to prejudice Defendant's attempts to mount a reasonable adequate defense.

[18] There is no requirement of any kind, technical, legal or otherwise, wherein a domain name must be pointed to any website at all. Defendant Geiger has legally registered over sixty domain names, less than half of which point to physical websites on the internet. Defendant Geiger has proven a domain name can be registered and not pointed anywhere, another fact Plaintiff has not refuted, but only ignored.

[19] The author of the content on this Court's public website is in no way impaired by Defendant Geiger's pointing the ray-gordon.net domain name at the site, nor can Defendant Geiger control any content on the public website by pointing the ray-gordon.net domain name at the public website for this Court.

[20] Plaintiff Parker has ignored this fact and the evidence provided by the Defendant and cannot, in any way or fashion, refute the facts as Defendant has presented them.

There are serious questions that remain as to the Plaintiff's own pleadings, as brought forth in Defendant's Motions to Dismiss.

>    **A. Does Defendant's pointing of the ray-gordon.net domain name at the public website for this Court confer any control over the site's content to Defendant Geiger?**

In his arguments, according to Plaintiff's averments, this would be true, but it is false and Defendant has so proven by this demonstration.

**B. Can the content on this Court's public website be changed, modified, updated or even removed without Defendant Geiger's consent?**

In his arguments, according to Plaintiff's averments, this would be false, but it is true and Defendant has so proven by this demonstration.

**C. Can Defendant Geiger's pointing of the ray-gordon.net domain name at this Court's public website in any way prevent, inhibit or control any such change, modification, updating, alteration or removal of any content on this Court's public website?**

In his arguments, according to Plaintiff's averments, this would be true, but it is false and Defendant has so proven by this demonstration.

**D. Does pointing the ray-gordon.net domain name at this Court's public website qualify Defendant as the publisher of this Court's public website, as claimed in Plaintiff's many actions before this and previous Courts?**

In his arguments, according to Plaintiff's averments, this would be true, but the answer is obviously "false".

**E. Will the pointing of the ray-gordon.net domain to another website, anywhere on the internet, prevent public access to the public website for this Court?**

As there are alternate methods of reaching the public website for this Court, other than by way of the ray-gordon.net domain name pointing, the answer is "no" as proven by Defendant's demonstration.

-6-

> **F. Is consent legally required from this Court, the web author of the public website for this Court, the Federal Judiciary, the U.S. Government or the Congress of the United States, in order for Defendant Geiger, or any citizen, to point a legally registered domain name to the public website for this Court?**
>
> In spite of a thorough and diligent search by Defendant, he cannot find one instance of consent being required to point a legally registered domain name at any publicly accessible website anywhere on the internet and Plaintiff has failed to provide any such references.

[20] When all of Plaintiff's misrepresentations concerning the true nature of domain names and websites is debunked and proven false, what remains is the question of whether Plaintiff has had sufficient knowledge and information with which to investigate the true identity of the author of the website containing the content he so strongly objected to.

[21] As shown by the Defendant, Plaintiff publicly admitted having knowledge and information on which to proceed, to investigate the identity of the author of the intellectual property at the website Plaintiff disagreed with, but, as Plaintiff admits in his Brief in Opposition to Defendant's Motions to Dismiss, he chose to not fulfill his due diligence responsibilities before filing numerous actions and complaints before this and previous Courts, complete with allegations and accusations of criminal conspiracy and wrongdoing against Defendant Geiger.

[22] Plaintiff's excuses about why he failed to carry out his due diligence duties, while having sufficient information to investigate the true identity of the website content author, as required under FRCP 11(b), are disingenuous and insufficient to justify his violations of the Federal Rules.

[23] Such wanton disregard for the Federal Rules is no small matter and has led to hundreds of hours of unnecessary and time consuming research, monetary expenditures and public embarrassment on the part of the defendants in Plaintiff Parker's many frivolous actions.

[24] Defendant Geiger asks the court to consider the seriousness of the due diligence failure by Plaintiff, which Defendant has brought to the Court's attention, through Plaintiff's own admissions and filings.

[25] Failing to pursue the information Plaintiff Parker publicly admitted having had at hand at the time he had it, information Defendant has proven would exonerate him of all allegations and accusation against him, is not the fault of the Defendant. It is the fault of Plaintiff Parker himself, and the excuses Plaintiff offers for not having explored and investigated said information as required under FRCP 11(b), namely, that in filing such averments with the Court, "**an unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances**", at the very time he had such evidence, fail on their face, as Plaintiff had stated time and time again when he had the information he fully intended to pursue the evidence, but instead chose to not carry through with those stated intentions.

[26] This failure on the part of Plaintiff Parker to do that which the Federal Rules of Civil Procedure demand he do, with evidence he had before proceeding with the first action against Defendant, that would have exonerated Defendant Geiger of all allegations, is inexcusable and is suspicious in its very nature Defendant contends is in violation of FRCP Rule 11(b)(1), namely; "**it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.**"

[27] Plaintiff's failure to diligently investigate profound evidence he publicly acknowledged having, and later choosing to make false and untrue claims against Defendant, shows Plaintiff has undertaken a program of frivolous and vexatious action against Defendant, not for the purpose of determining the identity of the author of any website Defendant Geiger pointed the ray-gordon.com domain name at, such investigation Plaintiff publicly admitted he could have done,

-8-

and even intended to do at the time, but is solely an attempt by Plaintiff to harass and embarrass Defendant Geiger, and to interfere with Defendant's employment in a trusted position with the U.S. Department of Defense.

[28] In his Brief in Opposition of Defendant's Motions to Dismiss, Plaintiff Parker states, **"That Defendant Geiger, through his stated claim he does not know who the author of the RayFAQ website is, has made it impossible to subpoena their identity, since the only way to find out who is publishing a website is to find out who owns the domain, and to find out from the domain owner who has permission to upload files to it via FTP."**

[29] As evidenced by Plaintiff's own admissions in the original complaint and his Brief in Opposition of Defendant's Motions to Dismiss, Plaintiff Parker is again being untruthful here, as authorship has been claimed by an individual who is not Defendant Geiger, and evidence and information proving that fact has been in the possession of Plaintiff since June 5, 2002, yet Plaintiff has steadfastly refused to pursue the evidence and information he has publicly acknowledged having, evidence which totally proves Defendant's claim he is not the person Plaintiff is claiming him to be, i.e. the author of intellectual property on a website Plaintiff objected to and forms the basis for all Plaintiff's claims against Defendant.

[30] Once again, Plaintiff has fallen back on misrepresentations and obfuscations in using the single word "domain" when referring to both a domain name and to a website. Plaintiff's continuing misuse of the single word "domain" does not afford Defendant sufficient specificity with which to respond to the averments and allegations in an intelligent and rational manner.

[31] The foundation of Plaintiff's averments of wrongdoing against Defendant Geiger, which Plaintiff feels are important enough to warrant federal litigation, are that Defendant Geiger either is the author of the website Defendant pointed a domain name at, or he knows the identity of the website author and only by revealing such can Defendant prove he is not said author.

[32] Again, Defendant brings to the Court's attention the issue of the information Plaintiff has publicly admitted to having, but not acted upon, in the almost four years he has been in possession of the information.

[33] Defendant Geiger has authored intellectual property content for the World Wide Web, and as an author, is very mindful of the issues involved in IP intellectual property rights issues, which is a very important topic of social and legal commentary, discussion and concern today.

[34] Never would Defendant Geiger attempt, under any circumstances, to lay claim to the authorship of the creative works of another individual, and, whether or not Plaintiff Parker cares for any particular content on any websites, that content is intellectual property and is covered by copyright.

[35] Defendant objects, in the most stringent way possible, to Plaintiff's attempts to assign to Defendant, the creative and legal intellectual property rights of another person. In spite of Defendant's repeated assertions he is not the content author Plaintiff is claiming him to be, and in spite of information Plaintiff has had for almost four years that substantiates Defendant's assertions, and in spite of Plaintiff's acknowledging he is aware another individual has claimed authorship of the intellectual property at issue in his filings, Plaintiff has insisted on falsely attempting to characterize and misidentify Defendant as the author and intellectual property rights owner of said content.

[36] Throughout several iterations of litigation before this and previous Courts, Plaintiff has not made use of the same investigative processes and procedures with the evidence and information he has acknowledged having as to the true identity of the author of the intellectual property on the website he so strongly objected to, yet he is asking this Court to warrant those processes and procedures against Defendant Geiger with not merely less than the same information and

evidence concerning the Defendant than the, as yet, unidentified author, but having no information at all concerning Defendant Geiger, save the lawful registration and pointing of a domain name.

[37] Plaintiff has presented no facts or evidence of wrongdoing by Defendant, but rather admits to a wanton and blatant disregard for the Federal Rules of Civil Procedure by offering only excuses as to why he did not pursue the information he had which would have exonerated Defendant Geiger.

[38] Plaintiff has, in the span of time covered by his first original complaint on Parker v. LTSC (2:03-cv-06936-JK), either threatened to abuse subpoenas from this and the previous court, or has abused said subpoenas, solely for the purpose of obtaining personal information about anyone who publicly disagrees with Plaintiff or criticizes Plaintiff's business efforts and commercial products.

[39] Plaintiff has posted public messages wherein he boasts to having obtained stacks of blank subpoenas and will use them for purposes of invasion of privacy and harvesting personal data on his critics, to stifle free speech he finds offensive, to chill open public debate and opinion on the value, marketability and worth of his purported commercial products.

[40] Even though Pennsylvania has passed no anti-SLAPP legislation, the freedom of speech we all enjoy as Americans includes the right to openly discuss and debate, to exchange ideas and philosophies and to express thoughts and opinions, even those concerning commercial business and products, even to the extent such thoughts and opinions are not popular, are controversial or even offensive.

[41] Through his successive pleadings and complaints, Plaintiff has, as a self-described commercial interest, attempted to squelch all public expressions and free speech he feels is not complimentary to his business, his products and himself.

[42] Based on the lack of substance in Plaintiff's pleadings against Defendant Geiger, bearing no facts or evidence of wrongdoing, only the legal registration and pointing of a domain name, and based on the admissions of Plaintiff to having had vitally important and pertinent evidence at the time of the events on which Plaintiff's allegations are based, evidence that would have proven beyond any doubt the innocence of the Defendant of all accusations of criminal wrongdoing by Plaintiff against the Defendant, Defendant Geiger submits his separate Motion in Opposition to the Plaintiff's Motion to Conduct Jurisdictional Discovery and therein joins in Defendant Learn the Skills Corp.'s Opposition to the Plaintiff's Motion to Conduct Jurisdictional Discovery and reserves his right to file a motion to limit the scope of discovery should this court grant the Plaintiff's request for jurisdictional discovery.

By my hand
Dated this 19th day of January 2006

Thom E. Geiger, Defendant Pro Se
817 N. McCrary Rd.
Columbus, MS. 39702
662-328-3630

GORDON ROY PARKER, a.k.a. Ray Gordon, dba
Snodgrass Publishing Group,
4247 Locust Street, 0806
Philadelphia, PA 19104

Filed: June 9, 2005

Plaintiff,

V*

Learn The Skills Corp., c/o Business Filings, Inc., 9 East
Lockerman Street, Suite 205 Dover, DE 19901;
Formhandle@fastseduction.com, c/o Business Filings,
Inc., 9 East Lockerman Street, Suite 205, Dover, DE 19901;
Thom E. Geiger, 817 North McCrary Road, Columbus, MS
39702-4320; Paul Ross, a/k/a "Ross Jeffries" a/k/a
ErosLA77@aol.com, 310 Tahiti Way, Marina Del Ray, CA,
90292-6789, Trustees of the University of Pennsylvania,
133 South 36th Street, 3rd Floor, Philadelphia, PA. 19104,
Matthew S. Wolf, Esq., 1236 Brace Road, Unit K, Cherry
Hill, NJ, 08034, and John Does 1-100

CASE NO.: 05-cv-2752

Hon. Harvey Bartle, III

FILED
JAN 2 3 2006
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Defendants.

DEFENDANT THOMAS GEIGER'S REBUTTAL TO PLAINTIFFS' BRIEF IN OPPOSITION
TO MOTIONS TO DISMISS.

| GORDON ROY PARKER<br>Plaintiff, Pro Se<br>4247 Locust Street, #806,<br>Philadelphia, PA 19104<br>(215) 386-7366 | Matthew S. Wolf, Esquire, *pro se* Defendant<br>241 Kings Highway East<br>Haddonfield, NJ 08033 |
|---|---|
| Mary Kay Brown<br>Shernese V. Woodbine<br>Pa. I.D. Nos. 54327 and 91209<br>1835 Market Street, 14th Floor<br>Philadelphia, PA 19103 | Dennis G. Young, Jr., Esquire<br>Montgomery, McCracken, Walker & Rhoads, LLP<br>123 South Broad Street<br>Philadelphia, PA 19109 |

on the 19th day of January 2006, postage prepaid in the United States Postal Service.

Dated this 19th day of January 2006

*Thomas Geiger*
Defendant, Pro Se
817 N. McCary Rd.,
Columbus, MS. 39702
(662) 328-3630