IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, <br><br> Plaintiff, <br><br> v. <br><br> **Learn The Skills Corp.**, et al. <br><br> Defendants. | : : : : : : : : : : : : | **CASE NO.:** 05-cv-2752 <br><br> **Hon. Harvey Bartle, III** |

**FILED**
APR 0 3 2006
MICHAEL E. KUNZ, Clerk
By MAC  Dep. Clerk

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, hereby certify that I have served the foregoing **Motion For Reconsideration** on the following Defendants, by the following means:

**Trustees of the Univ. of PA**
Dennis G. Young (Counsel)
Montgomery, McCracken,
Walker & Rhoads
123 South Broad Street, 28th Fl.
Philadelphia PA  19109
**Regular Mail**

Thom E. Geiger (Pro Se)
817 North McCrary Road
Columbus, MS  39702-4320
**Regular Mail**

Mary Kay Brown
Buchanan Ingersoll, PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103
Attorney For Paul Ross
**Regular Mail**

Formhandle@fastseduction.com (Pro Se)
Learn The Skills Corp.
955 Massachusetts Ave, #350
Cambridge, MA 02139
**Regular Mail**

Matthew S. Wolf, Esq.
241 Kings Highway East
Haddonfield, NJ  08033
Attorney For LTSC &
Defendant
**Regular Mail**

This the 3rd day of April, 2006.

*/s/ Gordon Parker*
Gordon Roy Parker, Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com



# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**,<br><br>　　　　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**Learn The Skills Corp.**, et al.<br><br>　　　　　　　　　　　　　　　　Defendants. | <br><br><br><br><br>**CASE NO.:** 05-cv-2752<br><br>Hon. Harvey Bartle, III<br><br> |

## ORDER

AND NOW, this ____ day of _____, 2006, in consideration of Plaintiff's Motion For Reconsideration and all responses thereto, the motion is **granted**, as follows:

　　1.　The civil judgment in this case is now vacated.

　　2.　The dismissal with prejudice of all claims against all Defendants is now vacated.

　　3.　Plaintiff shall file and serve a Second Amended Complaint on all parties by _____, 2006.

　　SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　J.



IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, a.k.a. Ray Gordon, d/b/a Snodgrass Publishing Group,<br><br>Plaintiff,<br><br>v.<br><br>Learn The Skills Corp., et al.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **FILED**<br><br>APR 03 2006<br><br>MICHAEL E. KUNZ, Clerk<br>By MAC  Dep. Clerk<br><br><u>CASE NO.</u>: 05-cv-2752<br><br>Hon. Harvey Bartle |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE, TO SET ASIDE JUDGMENT PURSUANT TO RULE 59, AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**Plaintiff** Gordon Roy Parker, in the above-styled action, moves this court for reconsideration of its order of March 23, 2006, dismissing this case.

As civil judgment is entered in this case (so as to expedite the appeal), Plaintiff incorporates setting aside the judgment as part of this motion, in the (unlikely) event that this Court will reverse itself mere days after dismissing this case.

This is a unique situation in that the filing and fee for an appeal is set to rise to $455.00 as of this Sunday. Given a choice, Plaintiff will proceed directly to appeal, as well as refiling this case in Delaware by the end of the week (the filing fee for district court actions rises to $350.00 on Sunday), but moves for reconsideration in a timely manner nonetheless, although the appeal and the refiling take priority should there be any conflict. Obviously, should this Court grant this motion, it should also set aside the judgment.

The grounds for the reconsideration include the following:

    1.    Clear error of law; and

    2.    Misconstruction of facts, leading to

3. Manifest injustice.

WHEREFORE, Plaintiff prays for an order reversing the dismissal of this case, vacating the civil judgment, and giving Plaintiff thirty (30) days leave to file a Second Amended Complaint within well-defined parameters for length and concision.

A Memorandum in Support is attached and incorporated by reference as if fully set forth verbatim.

This the 3rd day of April, 2006.

*[signature]*

Gordon Roy Parker
Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
SnodgrassPublish@aol.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, | : : : |  |
| Plaintiff, | : : | APR 0 3 2006 |
| v. | : : | MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk |
| | : | **CASE NO.: 05-cv-2752** |
| **Learn The Skills Corp.**, et al. | : : | |
| Defendants. | : : | Hon. Harvey Bartle |

## MEMORANDUM SUPPORTING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff in the above-styled action submits this Memorandum in support of the instant motion:

### BACKGROUND

On October 23, 2006, this court dismissed this case for lack of jurisdiction over Defendants Ross, LTSC, Formhandle, and Geiger, and dismissed the case for failure to state a claim against Defendants Trustees of the University of Pennsylvania ("Penn"), and Wolf.

The dismissal related to lack of jurisdiction over the four nonresident defendants, without affording Plaintiff the benefit of jurisdictional discovery, is based on this Court's presumption that Plaintiff has not made a *prima facie* showing that discovery would yield proof of jurisdiction. Given the specifics in this case, and given what Plaintiff has included in the pleadings, this is a clear abuse of discretion, as Plaintiff has provided extensive support for his claims of jurisdiction.

The dismissal against Penn was based on Plaintiff's failure to plead "detrimental reliance" and because the court found the claim to be time-barred. The dismissal against Defendant Wolf was based on "judicial immunity."

## LEGAL STANDARD

### A.  Legal Standard For A Motion To Dismiss.

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." (Shipp, 234 F.3d 907, 911 (5th Cir. 2000); *cert. denied* _U.S._, 121 S. Ct. 2193, 149 L.Ed.2d 1024 (2001)(quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). This strict standard of review under Rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." (5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1357 (2nd ed. 1990)).

### B.  Legal Standard For A Motion For Reconsideration.

A district court may grant a motion for reconsideration only if the Petitioner produces: (1) new evidence not previously available; (2) an intervening change in controlling law; or (3) clear errors of law or manifest injustice. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Congregation Kol Ami v. Abington Township, Civ. A. No. 01-1919, 2001 U.S. Dist. LEXIS 10224, at *3 (E.D. Pa. July 20, 2001); Drake v. Steamfitters Local Union No. 420, Civ. A. No. 97-cv-585, 1998 U.S. Dist. LEXIS 13791, a *7-8 (E.D. Pa.. Sept. 3, 1998); New Chemic, Inc. v. Fine Grinding Corp., 948 F. Supp. 17, 18-19 (E.D. Pa. 1996).

### C.  Legal Standard For Pro Se Pleadings And Leave To Amend.

*Pro se* pleadings are subject to liberal construction. (see, e.g., Order, ¶ III, p.4). Leave to amend a complaint "should be given when justice so requires." (F.R.C.P. 15(a)). Although from the Ninth Circuit, the decision in Bautista v. LA County (00-6573, 00-6574, Dist. Ct. No. 97-56074, 9th Cir. 2000) speaks almost directly to the circumstances here:

2

> The deficiencies of the plaintiffs' second amended complaint were readily curable with some guidance from the court. ***The court's sudden-death response was an abuse of discretion.***

## III.  ARGUMENT

### A.  Defendant Wolf Was Acting Outside The Scope Of Judicial Immunity, And Plaintiff Was Harmed By His Empowerment Of The Seduction Mafia

This Court need not overturn any precedent to carve out an exception in this case. Its application of the law (citing mostly Post v. Mendel, 507 A.2d 351, 353 (1986), and Hefferman v. Hunter, 189 F.3d 405, 413 (3rd Cir. 1999)), this Court concluded that Defendant Wolf's motion to dismiss the entire complaint with regard to all defendants, ***including those he did not represent***, is covered by Hefferman's holding that "[I]f the challenged conduct occurs outside the scope of representation, no reason for immunity exists." This Court has chosen to ignore Hefferman," since Defendant Wolf's conduct was clearly outside this scope.

Defendant Wolf may have moved on behalf of his unrepresented parties "in the course of judicial proceedings," but that was done on behalf of Defendant LTSC and not the other parties. Moreover, he did not merely "argue" against the complaint for these parties, but moved to dismiss the claims against them as well, thus exceeding the scope of representation for and advocacy of his own client, LTSC. Given that a RICO conspiracy was alleged, given that Mr. Wolf was attempting to disclaim any connection between LTSC and these defendants, and given that he could not possibly have performed due diligence related to these defendants, two of whom had filed their own motions with the court, it is a clear error of law to extend judicial immunity to conduct which clearly does not deserve it.

Judicial immunity itself is not absolute, as lawyers can still be sanctioned, sued under the Dragonetti Act, prosecuted as RICO defendants in criminal cases, and sued for abuse of process and/or malpractice as well. The precedents relating to judicial immunity have little or

3

nothing to do with the previously unheard-of instance of an attorney moving a court on behalf of parties s/he has not been retained by and literally does not represent. Surely our courts only intended this immunity to extend to actual representation of actual clients, and certainly not for actions taken outside of representation for the benefit of RICO co-defendants.

Concerning this Court's finding that since Defendant Wolf's motion to dismiss was denied as moot and therefore did not harm Plaintiff (Order, ¶ III, p. 13), Plaintiff argues that this is a misconstruction of the facts and law akin to acquitting a defendant for shooting at someone because "he missed." The harm to Plaintiff was caused by the motion itself, independent of any outcome, since it sent a clear endorsement to the Seduction Mafia operatives to act out against Plaintiff, and empowered them to continue furthering the RICO enterprise. Rather than disclaim involvement with the co-conspirators, Defendant LTSC embraced them to the point of using paid-for legal services to assist them in their lawsuit, and to do so outside the scope of any formal attorney-client relationship. This itself was an unauthorized practice of the law by Defendant Wolf, aided and abetted (and in fact directed) by Defendant LTSC.

### B. The Fraud Claim Against Penn Is Not Time-Barred, And Detrimental Reliance Can Be Inferred By The Facts Pled. Additionally, Detective Blackmore Is Not An Employee Of Penn, So Conspiracy Is Possible.

#### 1. The claim is not time-barred.

In paragraph 101 of the Amended Complaint, Plaintiff stated the following:

> "Most recently, on or around April 14, 2004, in response to a discovery request in the discrimination lawsuit, Defendant Penn again repeated its claim that it could not have identified Wintermute."

This representation falls well within the two-year time limit for fraud actions, and even now would not be time-barred. The Court erred by misconstruing the facts.

#### 2. Detective Blackmore is not an employee of Penn. As it relates to the

RICO and civil conspiracy claims, this Court determined that Detective James B. Blackmore,

who was accused of lying under oath, was an employee of Penn. (Order, ¶ III, p. 14) This is incorrect, as Detective Blackmore is a Philadelphia Police Officer who works on the Penn campus, rather than an employee of Penn itself. Consequently, it is possible for Penn to have conspired with Detective Blackmore.

        3.   **Detrimental Reliance Is Automatic.**  The "detrimental reliance" required to plead a claim for fraud in this case, unless this Court is now advocating contempt of its findings, was automatic: Plaintiff had no choice but to abide by the final orders of this Court and accept Defendant's representations, which it continued to make as late as April 14, 2004. Plaintiff "relied" on these representations in that he was unable to secure evidence which would have allowed him to serve and/or name Wintermute in any previous lawsuit. Since the alleged facts support this reliance, dismissal of the fraud, RICO, and civil conspiracy claims on these grounds was improper.

    C.   **Plaintiff Should Have Been Allowed To Conduct Jurisdictional Discovery.**

        The heart of this case against the four nonresident defendants was "ripped out" by this Court's finding of a lack of jurisdiction, and the refusal of this court to allow Plaintiff jurisdictional discovery.

        1.   **The Amended Complaint Was Verified And Therefore Evidentiary.**

        In its Order (p. 7), this Court stated that "general averments in an *unverified complaint* or response without the support of 'sworn affidavits or other competent evidence' are insufficient to establish jurisdictional facts." Time Share Vacation Club v. Atlantic Resorts, Ltd. Since Plaintiff's Amended Complaint was verified, Time Share should not apply, as the Amended Complaint would carry the same evidentiary weight of being sworn as would be the case with an affidavit or exhibit.

2.  **Defendant Ross Enters Into Contracts With Residents Of Pennsylvania.**

In his Amended Complaint, Plaintiff set forth, with specificity, the facts and averments supporting his claims on jurisdiction. In paragraph 12, he outlined Defendant Ross's "post-purchase consultations" with customers of his products (sold by the "third party entity"). In paragraph 53, Plaintiff was even more specific, stating that:

> Defendant Ross is the sole creator of his Speed Seduction product line. His orders are processed through Straightforward Marketing, Inc., in Texas. Straightforward acts as a reseller of Defendant Ross's product line, but assumes a passive role in directly pitching potential customers and supporting existing customers, relative to the role played by Defendant Ross. Defendant Ross conducts the seminars and workshops, does most of the direct selling via direct communication with potential customers, publishes his "SS List" for existing customers himself, and ***offers a personal telephone consultation to all who purchase his courses.***

The "SS List" newsletters also represent the type of ongoing "computer file distribution" required to establish minimum contacts with Pennsylvania.

In addition to outlining these contacts in the Amended Complaint, Plaintiff further outlined them in his Motion To Conduct Jurisdictional Discovery.

. Surely it is not "frivolous" to explore, through jurisdictional discovery, whether or not even one of Defendant Ross's many clients is in the Commonwealth. Rather than the "fishing expedition" this court referred to when it called Plaintiff a "serial litigant" (citing unrelated cases), relatively simple discovery, such as asking Defendant Ross about the facts relative to these averments, would have sufficed. It is extremely likely, if not certain, that such discovery would have yielded sufficient evidence to confer jurisdiction.

3.  **Defendant LTSC Derives Revenue From Pennsylvania Residents And Enters Into Contracts With Them.**

In paragraphs 39, 60, and 62 of the Amended Complaint, Plaintiff set forth that Defendant LTSC sold products for its sponsors as an "affiliate." An internet "affiliate" is a

commissioned salesperson who sells third-party products through its website. A salesman who sells products on commission to residents of Pennsylvania is subjected to jurisdiction in Pennsylvania. Defendant LTSC clearly falls into this category. Additionally, as also averred in the Amended Complaint, Defendant LTSC solicits donations

Simple jurisdictional discovery would almost certainly have yielded evidence that Defendant LTSC a) received at least one contribution during the relevant period of this lawsuit; and b) has sold products to residents of Pennsylvania, and received commissions for doing so.

### 4. Defendant Geiger's Contacts With Pennsylvania Are Unclear. Nevertheless, the publication of the RayFAQ was "expressly targeted at Pennsylvania residents."

As Defendant Geiger is an individual, his affiliations with individuals in Pennsylvania would remain hidden from Plaintiff, absent discovery. While Defendant Geiger disclaimed certain contacts with the state, his affidavit could easily contain omissions which would avoid a perjury charge, but where jurisdictional discovery would have uncovered minimum contacts.

As the publisher of the RayFAQ, or alternatively, the individual who caused its publication on his domain, Defendant Geiger was responsible for the publication of a website which strongly encouraged individuals to "warn" the media, law enforcement, mental health agencies, and the University of Pennsylvania about Plaintiff, and to contact them. If that is not "express targeting," then the doctrine is meaningless.

### D. RICO Has Nationwide Service Of Process

Even if this Court had found no other grounds for jurisdiction, 18 USC §1965(b) provides for nationwide service of process for RICO actions. This alone is sufficient to confer

jurisdiction within the Court's discretion, and should have been invoked here for judicial efficiency, and because of the nature of the conduct being designed to cause maximum damage to Plaintiff not only online, which is globally neutral, but in the very real offline world, in which Plaintiff's movements of the type Defendants are attempting to obstruct and interfere with, all occur within the Commonwealth.

### E. The Court Abused Its Discretion In Dismissing The Case With Prejudice Because The Deficiencies In The Complaint Were Curable By Amendment.

*Pro se* pleadings are subject to liberal construction. (see, e.g., Order, ¶ III, p.4). Leave to amend a complaint "should be given when justice so requires." (F.R.C.P. 15(a)). Although from the Ninth Circuit, the decision in Bautista v. LA County (00-6573, 00-6574, Dist. Ct. No. 97-56074, 9th Cir. 2000) speaks almost directly to the circumstances here:

> The deficiencies of the plaintiffs' second amended complaint were readily curable with some guidance from the court. *The court's sudden-death response was an abuse of discretion.*

Third Circuit precedent for this set of facts is sparse. The question, therefore, is whether or not this Court is in sync with Bautista. If so, then Plaintiff should not only be granted leave to file the attached Second Amended Complaint, and given guidance with regard to the deficiencies.

Plaintiff has not submitted a proposed second Amended Complaint with this filing for three reasons. First, he is about to "refile" this case in Delaware, where jurisdiction over Defendant LTSC is certain (as they are a Delaware corporation), where he will name the "third party entity" (Straightforward, Inc.) who distributes Defendant Ross's products, and where §3104(c)(2) and §3104(c)(4) are more liberally worded than the Pennsylvania statutes in that they provide for jurisdiction when an individual merely derives revenue from products sold within the state.

Second, as per <u>Bautista</u>, this Court should not leave Plaintiff "flying blind" regarding the length of the Complaint (the higher courts have fixed page limits while this Court can use arbitrary assessments after the fact). Third, and most important, since dismissal for each defendant was based on matters of law, if those findings are not reversed, then Amendment becomes moot. It is in no way Plaintiff's intent to rest on his Amended Complaint, and the record should reflect this, even though Plaintiff considers that to be sufficient to survive a motion to dismiss as well.

For the purpose of appeal, and for this Motion, Plaintiff will submit a copy of the Delaware complaint once it is filed, as an example of how he would condense the Complaint and make it more concise. Since Plaintiff's other litigation was called into question, this Court should take judicial notice of Plaintiff's proposed Second Amended Complaint in <u>Parker v. Google</u>, E.D.Pa. #04-cv-3918, which was cut to barely more than thirty pages and which is far more concise than the original pleading. Since Delaware does not have jurisdiction over Defendants Penn and Wolf, however, they will not be named there but appealed here. Any adaptation of that Complaint should include a restatement of the claims set forth in this action against those two defendants. As the filing fee will rise to $350.00 on Sunday, April 9, 2006, and given that Plaintiff's resources are limited, he fully expects to have that Complaint filed by Friday, April 7, 2006. Finally, given that motions for reconsideration are rarely granted by the Courts, Plaintiff is operating on the presumption that the instant motion will not be granted, despite his many arguments as to why it should. To not do this would greatly increase Plaintiff's expenditures on appeal and with refiling. Plaintiff also intends to file his Notice of Appeal in this case by Friday, April 7, 2006, although he may be restricted by resources depending on how <u>Parker v. Google</u> proceeds.

9

## IV. CONCLUSION

For the reasons set forth herein, the instant motion should be **granted.** An appropriate form of order is attached.

This the 3rd day of April, 2006.

Gordon Roy Parker, Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com