(53)



**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**FILED**
JUL 12 2006
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. Ray Gordon, d/b/a **Snodgrass Publishing Group**,<br><br>Plaintiff,<br><br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>Defendants. | **CASE NO.:** 05-cv-2752<br><br>Hon. Harvey Bartle, III |

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, hereby certify that I have served the foregoing **Motion For Relief From Judgment** on the following Defendants, by the following means:

| | | |
|---|---|---|
| **Trustees of the Univ. of PA**<br>Dennis G. Young (Counsel)<br>Montgomery, McCracken,<br>Walker & Rhoads<br>123 South Broad Street, 28th Fl.<br>Philadelphia PA  19109<br>**Hand Delivery** | Mary Kay Brown<br>Buchanan Ingersoll, PC<br>1835 Market Street, 14th Floor<br>Philadelphia, PA  19103<br>Attorney For Paul Ross<br>**Regular Mail** | Matthew S. Wolf, Esq.<br>241 Kings Highway East<br>Haddonfield, NJ  08033<br>Attorney For LTSC &<br>Defendant<br>**Regular Mail** |
| Thom E. Geiger (Pro Se)<br>817 North McCrary Road<br>Columbus, MS  39702-4320<br>**Regular Mail** | Formhandle@fastseduction.com (Pro Se)<br>Learn The Skills Corp.<br>955 Massachusetts Ave, #350<br>Cambridge, MA 02139<br>**Regular Mail** | |

This the 12th day of July, 2006.

_Gordon Roy Parker_
Gordon Roy Parker, Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com




IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, a.k.a. Ray Gordon, d/b/a Snodgrass Publishing Group,<br><br>Plaintiff,<br><br>v.<br><br>Learn The Skills Corp., et al.<br><br>Defendants. | : : : : : : : : : : : | FILED<br>JUL 12 2006<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk<br><br>CASE NO.: 05-cv-2752<br><br>Hon. Harvey Bartle |
|---|---|---|

### PLAINTIFF'S MOTION TO VACATE JUDGMENT IN FAVOR OF DEFENDANTS LEARN THE SKILLS CORP. AND FORMHANDLE, FOR COSTS, AND TO SUPPLEMENT THE RECORD

**Plaintiff** Gordon Roy Parker, in the above-styled action, moves this court, pursuant to Federal Rule 60, to set aside the civil judgment in this case in favor of Defendants Learn The Skills Corp. ("LTSC") and Formhandle, and in support thereof, for other relief as set forth, and in support thereof, sets forth and avers the following:

1. New evidence has come to light which unquestionably confers jurisdiction of this court over Defendant LTSC. Specifically, Defendant LTSC now produces and sells its own seduction information product, a DVD set called *The Art of The Pickup* ("AOTP"), which is advertised on the LTSC website (http://www.fastseduction.com), and which is sold through the website located at http://www.artofthepickup.com, which is owned and operated by Defendant LTSC.

2. The new evidence was only discovered recently (July 2, 2006), and could not have been uncovered through regular due diligence, as AOTP's web presence (and LTSC's operations regarding AOTP) were not publicized until recently being added to the LTSC website as a "sponsor."

3.   This new evidence does more than affect jurisdiction. It also reveals a completely different role of Defendant LTSC in this controversy as painted by its counsel (and by Plaintiff) in its previous pleadings. Whereas previously, LTSC was thought to be a web-based message-board and informational website that was free to users and merely accepted advertising from its sponsors, including Defendant Ross, it is now the case (and has been for some time now) that LTSC is also a producer of a seduction-advice product which is in direct competition with Plaintiff's e-books.

4.   The "whois" registration data for the AOTP website shows that the domain was registered on May 24, 2005, a point in time in controversy in this action. The following screenshot, taken by Plaintiff on his personal computer at 5:15 a.m. EST on July 12, 2006, confirms this:



5.   As a co-producer of AOTP, Defendant Formhandle (a.k.a. Jay Valens) is subject to the same jurisdiction as LTSC as it relates to the sale of that product in Pennsylvania conferring jurisdiction upon either entity.

2

6. On the AOTP website is its privacy policy, located at the URL of http://www.artofthepickup.com/privacy.html, and that page ends with a claim that the privacy policy was last updated on February 10, 2006, as demonstrated by the following screenshot, taken by Plaintiff through his computer on July 6, 2006 at 4:32 a.m. EST:



4.

7. The antitrust questions raised in this action are also changed by the new evidence, because LTSC's actions now affect the market and price for its own products instead of those of just its sponsors. Whereas previously, LTSC's sponsors benefited from its exclusion policies for advertisers (and restraint of trade of Plaintiff), LTSC itself now profits in exactly the same fashion, as it is a producer of commercial products as well as an advertiser of same.

8. In addition to selling AOTP, Defendant LTSC has also accumulated a network of affiliates to market the product for him. It is not known when this process began, or where the affiliates conduct business. Absent the affidavits that this court should have required of LTSC to support its claim for lack of jurisdiction, Defendant has been allowed to omit any evidentiary mention of this product or aspect of its business, which it knew full well would quite

3

likely have subjected it to the jurisdiction of this Court in the past, and which definitely subjects it to jurisdiction in the present and future.

9. The release of AOTP, and its temporal proximity to this case, establishes jurisdiction in Pennsylvania regardless of when the first product was actually sold, as AOTP also reveals that LTSC is not merely a passive website or a hosted message board not targeted at Pennsylvania residents on an ongoing basis or for further commerce, but instead as an ongoing entity whose goal is to cultivate customer relationships through ongoing communication and the repeated sending of computer files – including but not limited to the AOTP newsletter – to residents of the Commonwealth, for the purpose of pitching AOTP to them.

10. Given that this case involved allegations of ongoing conduct, present jurisdiction should have been sufficient to confer jurisdiction over the entire controversy.

WHEREFORE, for the grounds of fraud upon the court, misconduct via omission of key information, and new evidence, Plaintiff seeks an order:

1. Removing the stay from this case;

2. Setting aside the civil judgment in this case and reopening the case;

3. Awarding costs to Plaintiff in the amount of FIVE HUNDRED AND TWENTY DOLLARS ($520.00) to cover his appeal ($255.00), which would not yet have been filed had Defendant LTSC not been dismissed, the refiled case in Delaware ($350.00, and which also would not have been filed), and $15.00 in printing and postage costs for service of Defendants LTSC and Formhandle (who now uses the name "Jay Valens").

4. Granting leave of fourteen (14) days for Defendant LTSC to submit any additional evidence or information, or to withdraw any jurisdictional defenses to the Amended Complaint.

**Attempt To Seek Concurrence Pursuant To Rule 7.1(a)**

On July 9, 2006, at or around 11:58 a.m., Plaintiff telephoned David L. Finger, attorney for Defendant LTSC (on the appeal; attorney Wolf reported that he is currently stationed in Iraq). Plaintiff informed attorney Finger of the circumstances surrounding this motion (including AOTP being released, and this court now having jurisdiction, as well as the new light shed on past events), and he stated that he does not concur. He made this statement immediately, without conferring with his client after having been notified of Plaintiff's position.

A Memorandum in Support is attached and incorporated by reference as if fully set forth verbatim.

This the 12th day of July, 2006.

_____
Gordon Roy Parker
Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

## VERIFICATION

I, Gordon Roy Parker, an adult male resident of the Commonwealth of Pennsylvania, hereby attest and swear, under penalty of perjury and any other statutes relating to false sworn or unsworn statements, including but not limited to 28 USC §1746, that all evidence relating to the http://www.artofthepickup.com website (i.e., the screenshots which appear in this pleading), were downloaded by me, on my personal computer (PC), at the times specified, and are true and correct copies of what I witnessed at these sites when I visited them. The photos have not been doctored or otherwise altered, and appear in their original form.

BY:

_____        _____
Date                                                                    Gordon Roy Parker, Plaintiff, Pro Se
                                                                        4247 Locust Street, #806
                                                                        Philadelphia, PA  19104
                                                                        (215) 386-7366
                                                                        GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**,<br><br>                              Plaintiff,<br><br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>                              Defendants. | : : : : : : : : : : | **FILED**<br>JUL 12 2006<br>MICHAEL E. KUNZ, Clerk<br>By _____ Dep. Clerk<br>CASE NO.: 05-cv-2752<br><br>Hon. Harvey Bartle |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE JUDGMENT IN FAVOR OF DEFENDANTS LEARN THE SKILLS CORP. AND FORMHANDLE, FOR COSTS, AND TO SUPPLEMENT THE RECORD

Plaintiff in the above-styled action submits this Memorandum in support of the instant motion:

### I.   BACKGROUND

On March 23, 2006, this Court dismissed the case against all Defendants. Defendants LTSC and Formhandle (a/k/a Jay Valens) were dismissed for lack of jurisdiction. Civil judgment was entered on March 30, 2006. A Motion for Reconsideration of the dismissal was filed on April 3, 2006, and is still pending. A Notice of Appeal was filed on April 7, 2006, and a stay of that appeal pending resolution in this court was granted on April 21, 2006. New evidence has come to light which should reverse judgment against Defendants LTSC and Formhandle in this case, which in turn would toll any appeal against the other defendants until resolution of the case against Formhandle/LTSC.

Defendants will not likely dispute that this court *now* has jurisdiction over LTSC and Formhandle, due to the release of *Art of the Pickup* (AOTP). Through this product offering, its first proprietary material sold through its website, Defendants LTSC/Formhandle now regularly

conduct business with and market to residents of the Commonwealth. This dispute will thus center around a) whether or not "delayed jurisdiction" warrants vacation of the judgment; and b) whether or not the new evidence reveals a fraud upon this court, or alternatively, that jurisdiction in Pennsylvania over these two defendants was proper ever since the AOTP website was registered in May 2005.

## II.  LEGAL STANDARD

### A.  Legal Standard For A Motion For Relief From Judgment.

Federal Rule 60(b) states the following:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

Federal Rule 60(b)(6) also allows for vacating a judgment for "any other reason justifying relief from the operation of the judgment."

## III.  ARGUMENT

### A.  Present Jurisdiction Over Defendants LTSC/Formhandle Warrants Vacating The Judgment.

Even if this court recognizes jurisdiction over Defendants LTSC/Formhandle as of the date of the first sale to a Pennsylvania resident, and even if that date was after the entry of judgment, this present jurisdiction is still sufficient to justify this Court using its discretion, as a matter of law and in the interest of justice, to vacate the judgment against these two defendants.

Case law in this situation is sparse, and Plaintiff's diligence could not locate any precedent in the Third Circuit or Supreme Court. General principles of jurisprudence, however,

2

support vacating the judgment due to lack of prejudice, as 1) the appeal is currently stayed; and 2) the Motion For Reconsideration is still pending.

### B. The New Evidence Reveals Jurisdiction Was Conferred During The Time In Controversy.

Defendants LTSC/Formhandle registered the AOTP website domain in May 2005, prior to the filing of this lawsuit. Beginning in May 2005, LTSC intended to cultivate ongoing customer relationships with residents of the Commonwealth, and to enter its marketplace.

It should be noted that this Court's unusual step of not requiring an affidavit from LTSC in support of its motion to dismiss for lack of jurisdiction, which is contrary to precedent in this circuit, has left Plaintiff without specific knowledge regarding when AOTP was first marketed and sold. At the very least, this court should require Defendant to submit evidence of exactly when it began production and marketing of AOTP, and cultivating business partnerships with affiliates who sell the product for a commission.

Once AOTP was created, or intended to be created, LTSC crossed the line from being a passive website that does not meet the "minimum contacts" test in Pennsylvania, to a business which actively participates in discourse and commercial exchange with its residents. This is also sufficient to confer jurisdiction during the time period in this lawsuit, and since the new evidence could not have been discovered previously, vacating the judgment is further warranted.

### C. Judgment Should Be Vacated Based On Fraud Upon The Court.

In its opposition to Plaintiff's Motion To Conduct Jurisdictional Discovery, counsel for LTSC argued that Plaintiff should not be given access to the information required to complete an affidavit in support of LTSC's claim of lack of jurisdiction, citing privacy concerns.

3

As history has revealed, however, LTSC's true motive is now clear: it did not want to reveal the existence of the AOTP website or product line because it would have rendered moot the jurisdictional dispute.

This conduct constitutes a fraud upon the court, or alternatively, misconduct, and further justifies vacating the judgment.

## IV.  CONCLUSION

For the reasons set forth herein, the instant motion should be **granted**, and Plaintiff should be entitled to his costs as set forth in the motion.  An appropriate form of order is attached.

This the 12th day of July, 2006.

*/s/ Gordon Roy Parker*
Gordon Roy Parker, Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group,**<br><br>Plaintiff,<br><br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>Defendants. | <u>**CASE NO.:**</u> 05-cv-2752<br><br>Hon. Harvey Bartle, III |

## ORDER

AND NOW, this ____ day of _____, 2006, in consideration of **Plaintiff's Motion For Relief From Judgment** and all responses thereto, the motion is **granted**, as follows:

    1.    The civil judgment in this case against Defendants LTSC/Formhandle is now vacated.

    2.    The case against all other defendants in this case is now stayed.

    3.    Defendant shall reimburse Plaintiff the sum of FIVE HUNDRED AND TWENTY DOLLARS ($520.00) for his costs caused by the conduct of the two Defendants which necessitated this motion.

SO ORDERED.

_____
J.