IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, a/k/a/ | ) | |
| RAY GORDON, d/b/a SNODGRASS | ) | |
| PUBLISHING GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-cv-2752 |
| | ) | |
| LEARN THE SKILLS CORP., et al., | ) | The Hon. Harvey Bartle, III |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DEFENDANT LEARN THE SKILLS CORP.
IN OPPOSITION TO THE MOTION OF PLAINTIFF GORDON ROY PARKER
TO VACATE JUDGMENT IN FAVOR OF DEFENDANTS LEARN THE SKILLS
CORP. AND FORMHANDLE, FOR COSTS AND TO SUPPLEMENT THE RECORD**

Defendant Learn The Skills Corp. ("LTSC") hereby responds to plaintiff's Motion to

Vacate Judgment in Favor of Defendants Learn The Skills Corp. and Formhandle, for Costs and

to Supplement the Record (the "Motion"), and states as follows:

1.      The basis of the Motion is that "newly discovered evidence" allegedly shows that

jurisdiction over LTSC is proper in Pennsylvania because LTSC advertises a product for sale on

an Internet web site which domain name LTSC registered in May, 2005.

2.      Plaintiff points out that the domain name "artofthepickup.com" was registered in

May, 2005.  However, plaintiff fails to provide any evidence as to when the web site actually

went "live," *i.e.,* when it first became visible to Internet browsers.[1]

---

[1]      In fact, the web site went live on July 1, 2006, months after this action was dismissed.
However, as the owners of LTSC have legitimate concerns of harassment from plaintiff if their
identities are revealed, they have elected not to submit an affidavit in support of this fact, but
instead leave it to plaintiff to his burden to prove affirmatively when the site went live.  If
plaintiff contends than the web site went live earlier, he has the burden of proving by clear and
convincing evidence that he acted with due diligence in searching for such evidence.  *Harduvel*

3.      Irrespective of when the site went "live," "the mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world.  Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts."  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3rd Cir. 2003).

4.      In this case, plaintiff has failed to show a basis for personal jurisdiction arising from the existence and operation of theartofseduction.com.  First, nothing in that web site demonstrates that it is targeted specifically toward residents of Pennsylvania, as opposed to the world generally.  Indeed, the evidence is to the contrary.

5.      First, the Terms and Conditions page of the web site (appended hereto as Exhibit A), under the heading SHIPMENT AND PURCHASE RESTRICTIONS, states that "[p]roducts sold on the Store currently will not be sold or shipped to residents of Pennsylvania." Further, as demonstrated in Exhibit B, a consumer using the online form to purchase products from LTSC is not able to select Pennsylvania as an address to which to ship the goods, as Pennsylvania is not included in the menu of available states.[2]

6.      There is no allegation or evidence of any sales to Pennsylvania.  The

---

*v. General Dynamics Corp.*, 801 F.Supp. 597, 605 (M.D. Fla. 2002). LTSC respectfully submits that plaintiff has not made any such showing.

[2]      As web pages are capable of accurate and ready determination, the Court can take judicial notice of the existence of their contents.  *Doron Precision Systems, Inc. v. FAAC, Inc.*, 423 F.Supp.2d 173, 179 n. 8 (S.D.N.Y. 2006). *See also Enterprise Rent-a-Car Company v. U-Haul Intern., Inc.*, 327 F.Supp.2d 1032, 1042 (E.D. Mo. 2004) (court could consider defendant's website in assessing whether there is personal jurisdiction).  It is particularly appropriate here, as plaintiff is relying on LTSC's web site in attempting to establish jurisdiction, and so under F.R.E. 106 and 1001 it is proper for the Court to consider all relevant portions of the web site.

uncontradicted evidence us that there could not be any sales to Pennsylvania.   There is no evidence of any other contacts between LTSC and Pennsylvania.   There is no allegation of any other sufficient jurisdictional contact with Pennsylvania.   As such, plaintiff's "newly discovered evidence" is legally insufficient.

WHEREFORE, for the foregoing reasons, defendant Learn The Skills Corp. respectfully requests that the Court deny the Motion in its entirety.

Dated:  July 20, 2006

Respectfully submitted,

/s/ William R. Firth, III
William R. Firth, III
Marks & Sokolov, LLC
1835 Market Street, 6th floor
Philadelphia, PA  19103
Tel: (215) 569-8901

Attorney for defendant Learn The Skills Corp.

Of counsel:

David L. Finger
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE  19801-1155
(302) 884-6766