IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**,<br><br>                                                    Plaintiff,<br><br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>                                                    Defendants. | **CASE NO.**: 05-cv-2752<br><br>Hon. Harvey Bartle, III |

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, hereby certify that I have served the foregoing **Motion For Reconsideration** on the following Defendants, by the following means:

| | | |
|---|---|---|
| **Trustees of the Univ. of PA**<br>Dennis G. Young (Counsel)<br>Montgomery, McCracken,<br>Walker & Rhoads<br>123 South Broad Street, 28th Fl.<br>Philadelphia PA  19109<br>**Regular Mail** | Mary Kay Brown<br>Buchanan Ingersoll, PC<br>1835 Market Street, 14th Floor<br>Philadelphia, PA  19103<br>Attorney For Paul Ross<br>**Regular Mail** | Matthew S. Wolf, Esq.<br>241 Kings Highway East<br>Haddonfield, NJ  08033<br>Attorney For LTSC &<br>Defendant<br>**Regular Mail** |
| Thom E. Geiger (Pro Se)<br>817 North McCrary Road<br>Columbus, MS  39702-4320<br>**Regular Mail** | Formhandle@fastseduction.com<br>Learn The Skills Corp.<br>955 Massachusetts Ave, #350<br>Cambridge, MA  02139<br>**Regular Mail** | William R Firth, III, Esq.<br>Marks & Sokolov, PC<br>1835 Market St, 6th Floor<br>Philadelphia, PA  19103<br>**Regular Mail** |

This the 14th day of August, 2006.

FILED
AUG 1 4 2006
_____ KUNZ, Clerk
By _____ Dep. Clerk

_____
Gordon Roy Parker, Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**,<br><br>Plaintiff,<br><br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO.**: 05-cv-2752<br><br>Hon. Harvey Bartle, III |

## ORDER

AND NOW, this ____ day of _____, 2006, in consideration of **Plaintiff's Motion For Reconsideration,** and all responses thereto, the motion is **granted**, as follows:

      1.    The civil judgment in this case is now vacated.

      2.    The case against all other defendants in this case is now stayed.

      3.    Defendant LTSC shall reimburse Plaintiff the sum of FIVE HUNDRED AND TWENTY DOLLARS ($520.00) for his costs caused by the conduct of the two Defendants which necessitated this motion: $255.00 for the appeal in this case, $250.00 for the Delaware filing fee, and $15.00 in postage and sundry costs.

SO ORDERED.

_____
                                                              J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, <br><br> Plaintiff, <br><br> v. <br><br> **Learn The Skills Corp.**, et al. <br><br> Defendants. | <br><br><br> **CASE NO.:** 05-cv-2752 <br><br> **Hon. Harvey Bartle** |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER NOT VACATING JUDGMENT, AND TO SUPPLEMENT THE RECORD

**Plaintiff** Gordon Roy Parker, in the above-styled action, moves this court for reconsideration of its order of August 2, 2006 which denied his Motion To Set Aside Judgment Against Defendants Learn The Skills Corp. ("LTSC") and Formhandle, and in support thereof, submits the following:

#### Grounds For Reconsideration

1. Plaintiff seeks reconsideration on the grounds of a) new evidence, b) fraud or deceit upon the Court, and c) manifest injustice to **both parties** if this motion is not granted.

#### Relevant Factual Averments

2. On July 12, 2006, Plaintiff moved this Court to set aside Judgment in favor of Defendant LTSC, which was given on the grounds of lack of jurisdiction.

3. In the original Order dismissing this case, Plaintiff had not (and still has not) been afforded the opportunity to conduct jurisdictional discovery, which is generally contrary to Third Circuit precedent.

4. To justify dismissal without the benefit of jurisdictional discovery, this Court, in its order, characterized Plaintiff's jurisdictional claims against LTSC (and Formhandle) as

"frivolous," and was equally intransigent in characterized Plaintiff's attempted jurisdictional discovery as a "fishing expedition."

5. The order denying the setting aside of judgment in this action was swift, a mere nine days after the responsive pleading was filed.

6. Plaintiff would have been content to rely on appeal in this case, but the description of the motion to set aside as "frivolous" alarmed him, as it is often a precursor to sanctions. Additionally, Plaintiff had been overwhelmed with paperwork related to his lawsuits against Google and the Delaware case which involves Defendant LTSC, a case which had to be filed as a direct consequence of the dismissal order.

7. The record shows no affidavits or other accountable presentation of LTSC's position that it does not sell or market to Pennsylvania residents, but instead relied on exhibits which were submitted, namely the sites Terms and Conditions policy (Document 55-3), and a screenshot of the order form for "Art of the Pickup" ("AOTP") (Document 55-2), which showed that Pennsylvania was missing from the list of states from which users could order the product from LTSC.

8. Because Plaintiff was "threatened" with potential sanctions, and because of an "eighth-inning celebration" which began on USENET immediately after reconsideration and the set-aside were denied, he decided to engage in a little "fishing" of his own, with startling results that cast a new light on this case.

9. On Friday morning, August 11, 2006, Plaintiff created a screen name on AOL of RBrunson82184 (@aol.com), and visited the LTSC website to investigate its claim that it did not avail itself of the Pennsylvania market, and the jurisdiction of courts in the Commonwealth. He used this name to visit the AOTP website, which it should be noted does not ban Pennsylvania

2

residents from visiting. RBrunson82184's AOL profile listed "Ron" as a freelance writer from Bensalem, Pennsylvania. Following is a screenshot of the profile:



10. It should further be noted by this Court that the AOTP website includes a "newsletter" which provides free information and pitches the AOTP product to internet users **without requiring that they disclaim residence in Pennsylvania**. Indeed, "Ron" has received three installments of the "AOTP newsletter."

11. Following is the first installment of the AOTP newsletter, which "Ron" received on August 11, 2006. This letter was sent automatically, however, before LTSC became aware that "Ron" was in Pennsylvania. Following is a screenshot of the relevant parts of the letter:

3



12. Also on August 11, 2006, Plaintiff sent the following e-mail from "Ron" to LTSC in which he inquired about not being able to order its products from Pennsylvania:



4

13. At this point, LTSC was made completely and very unquestionably aware that "Ron" was in Pennsylvania.

14. As fully expected by Plaintiff, Defendant LTSC replied promptly to "Ron" to further apprise him of their policy, as the following screenshot shows:



15. Nowhere in its responsive pleading to Plaintiff's motion to set aside the judgment did LTSC ever show it had made similar statements to those in the e-mail *on its website*, and for good reason: had they done so, it is not likely the motion would have been denied. Here we see a **totally deliberate** attempt to market its products to a Pennsylvania residents, yet its wording to "Ron" shows a clear availing of itself to the market of the Commonwealth. The following quote stands out like a sore thumb attached to the same hand with which Defendant LTSC, through its very appropriately named attorney, used to give "the (David L.) **Finger**" to this Court: *"It*

5

***would be a hastle [sic], but at this point your only recourse if you really want the DVDs would be to have a friend or relative from outside of PA get the product for you.*** " (Emphasis Added).

16. That this "policy" of "indirect" selling to Pennsylvania is not on the LTSC website reflects consciousness of guilt, and an awareness of the consequences that making these words available to the public would have on the instant litigation.

17. On Sunday, August 13, 2006, after Defendant LTSC had been made aware that "Ron" was from Pennsylvania (which he is, since Plaintiff lives here), it continued to market to him by sending another edition of the AOTP newsletter, entitled "turning fear into courage" as the following screenshot demonstrates:



6

18. The title of the newsletter is apropos, as LTSC *feared* publication of its "indirect marketing" on its website, and lacked the *courage* to fully disclose these facts (as it relates to other PA residents) to this Court.

19. On August 14, 2006, Defendant LTSC sent yet another AOTP newsletter to Plaintiff, thus satisfying the "repeated sending of computer files" requirement, this time with a newsletter entitled "Why Don't Women Just Tell Men What They Want":



20. Plaintiff avers that the omission of these facts, as they relate to any other contacts with residents of the Commonwealth, constitute fraud by omission, or deceit upon this Court.

21. Alternative to paragraph 19 above, Plaintiff avers that if this is the first time such contact has been made, that this Court now has jurisdiction over Defendant LTSC under the "minimum contacts" doctrine.

22. This new evidence was not available to Plaintiff prior to last Friday.

7

WHEREAS, for the reasons set forth herein, the instant motion should be **granted**. As per the original instant motion, Judgment should be set aside, and Plaintiff should recover his costs related to this appeal and to the Delaware case. Alternatively, the record should be supplemented in the event this Court denies the set-aside as a matter of law, so that the Third Circuit can rule along with the appeal in this case, avoid the need for a separate lawsuit, and to cut costs for both parties..

### Attempt To Seek Concurrence Pursuant To Rule 7.1(a)

Plaintiff sought concurrence twice on Friday, August 11, 2006, by calling attorney David L. Finger's office and cell phone, and was again given "the **Finger**" inasmuch as neither call was returned in a timely manner, despite claims on defense (of) counsel's voicemail that he returns calls promptly. Plaintiff presumes that he checks in regularly with his office, and was not informed of any particular delay.

A Memorandum in Support is attached and incorporated by reference as if fully set forth verbatim.

This the 14th day of August, 2006.

Gordon Roy Parker
Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

### VERIFICATION

I, Gordon Roy Parker, an adult male resident of the Commonwealth of Pennsylvania, hereby attest and swear, under penalty of perjury and any other statutes relating to false sworn or unsworn statements, including but not limited to 28 USC §1746, that all evidence relating to the http://www.artofthepickup.com website (i.e., the screenshots which appear in this pleading), and the e-mails cited in this motion, were downloaded by me, on my personal computer (PC), at the

8

times specified, and are true and correct copies of what I witnessed at these sites when I visited them. The photos have not been doctored or otherwise altered, and appear in their original form. I further attest and swear that all factual averments in this motion are true and correct to the best of my knowledge on this, the Fourteenth day of August, in the year of Our Lord, Two-Thousand and Six.

BY:

08/14/2006
Date

*[signature]*
Gordon Roy Parker, Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com

9

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AUG 1 4 2006



| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, | : | |
| Plaintiff, | : | |
| v. | : | **CASE NO.:** 05-cv-2752 |
| **Learn The Skills Corp.**, et al. | : | |
| Defendants. | : | **Hon. Harvey Bartle** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO SUPPLEMENT THE RECORD

Plaintiff in the above-styled action submits this Memorandum in support of the instant motion:

### I. BACKGROUND

After being "called on the carpet" by this Court for proffering that Defendant LTSC is marketing its "pickup" products to Pennsylvania residents, and being informed that his motions for jurisdictional discovery were "frivolous" and a "fishing expedition," the truth comes out: Defendant LTSC wants the benefit of marketing its wares to Pennsylvania residents, without the accompanying legal responsibility of subjecting itself to the jurisdiction of this Court.

### II. LEGAL STANDARD

In the interest of economy, Plaintiff restates, as if fully stated verbatim herein, all relevant legal standards from the Motion For Reconsideration (Docket #44) relating to jurisdiction, jurisdictional discovery, minimum contacts, and selling products to the Commonwealth. This includes, but is not limited to, the grounds for reinstating a case with a motion such as this: 1) new evidence; 2) fraud upon the court; and c) manifest injustice to both parties.

## III. ARGUMENT

### A. LTSC Committed A Direct Fraud Upon The Court. Alternatively, Its Conduct Was Deceitful.

The issue here is clear: does LTSC's conduct constitute a fraud upon this Court or deceit, the absence of which would have caused a different result? Plaintiff says yes, it does. If LTSC thought nothing were wrong with what it told "Ron," it would certainly have told the world the same thing on its website. That it did not evidences it consciousness of guilt.

Regarding LTSC's conduct, a rather simple (albeit juvenile) commentary should suffice: **Liar. Liar. Pants on fire.** LTSC simply **lied** directly and by omission to this Court. It took an active step to sell its products to Pennsylvania residents.

In the event this Court requires a more "adult" demonstration of fraud, it need only refer to paragraph 6 (page 2) of LTSC's Memorandum in Support of its Response In Opposition to the Motion, in which it stated that:

> "There is no allegation or evidence of any sales to Pennsylvania. The uncontradicted evidence us that **there could not be any sales to Pennsylvania.** There is no evidence of any other contacts between LTSC and Pennsylvania. There is no allegation of any other sufficient jurisdictional contact with Pennsylvania.

The evidence should now consider itself contradicted, as should this Court. Asking a Pennsylvania resident to assist LTSC in circumventing jurisdiction by purchasing the product through an out-of-state third party, *at the urging of LTSC*, is all the contradiction any reasonable citizen, attorney or judge should need. Jurisdiction in this district over LTSC is now unquestionable.

Plaintiff further restates his arguments for vacating judgment as set forth in the Motion To Set Aside Judgment from July 12, 2006 (Docket #53), and any relevant arguments from the Motion For Reconsideration.

2

**B. Knowingly Shipping Computer Files (The AOTP Newsletter) To A Pennsylvania Residents Meets The Minimum Contacts Standard For Jurisdiction.**

The case Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F .Supp. 1119, 1124 (W.D.Pa.1997) shows why the facts in this motion ignite jurisdiction. That court Held:

> *If the defendant enters into contracts with residents of a foreign jurisdiction that involve the <u>knowing and repeated transmission of</u> computer files over the Internet, personal jurisdiction is proper.* E.g. Compuserve, Inc. v. Patterson, 89 F.3d 1257 (6th Cir.1996). (Emphasis Added).

Each AOTP newsletter (of which Plaintiff has been sent three as of this writing, two "knowingly") is a computer file which is transmitted over the internet. The two newsletters sent to "Ron" are multiple files, and the second one was sent with full knowledge that "Ron" resided in Bensalem, Pennsylvania. The "express targeting" doctrine is also met, as the message was expressly targeted to a Pennsylvania resident. Finally, the "contract" requirement is met because users must **agree** to a "terms of service" in order to receive the Newsletter.

**C. Alternative to Paragraph (A) Above, The Record Should Be Supplemented.**

Should this Court deny this motion as a matter of law, it is in the interest of justice to supplement the record in order to consolidate the appeal, let the Third Circuit have its say, and avoid the need for a separate lawsuit based on new and ongoing conduct that would serve only to waste judicial resources and increase costs for all parties.

3

## IV. CONCLUSION

For the reasons set forth herein, the relief sought in the original motion should be **granted**. An appropriate form of order is attached.

This the 14th day of August, 2006.

_/s/ Gordon Roy Parker_
Gordon Roy Parker, Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com

4