IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER, a/k/a/ RAY GORDON, d/b/a SNODGRASS PUBLISHING GROUP,

Plaintiff,

v.

LEARN THE SKILLS CORP., et al.,

Defendant.

C.A. No. 05-cv-2752

The Hon. Harvey Bartle, III

**MEMORANDUM OF DEFENDANT LEARN THE SKILLS CORP. (I) IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE JUDGMENT, AND (II) IN SUPPORT OF ITS REQUEST FOR SANCTIONS**

Defendant Learn The Skills Corp. ("LTSC") hereby (1) responds to plaintiff's Motion for Reconsideration of this Court's August 2, 2006 Order denying Plaintiff's Motion to Set Aside Judgment, and (2) moves the Court to assess sanctions against plaintiff for frivolous and vexatious filing, and in support thereof states as follows:

## A. RESPONSE TO MOTION FOR RECONSIDERATION.

1. Plaintiff's motion is based on the fact that *after* this Court dismissed his suit, and *after* the Court denied his motions for reconsideration and to set aside the judgment, he created a false identity and contacted LTSC via e-mail to complain that he was not able to purchase products to be shipped to Pennsylvania. LTSC responded by apologizing and suggesting that, if it was so important, plaintiff could have a friend or relative in another state purchase the products for him. Plaintiff argues that this justifies personal jurisdiction over LTSC in Pennsylvania. Plaintiff's motion is without merit for multiple reasons.

2. First, although plaintiff states at paragraph 22 of his motion that "[t]his new

evidence was not available to Plaintiff" previously, he offers no explanation why he could not engage in his subterfuge earlier. In fact, the only reason plaintiff did not do so is because he failed to investigate and learn earlier that LTSC did not sell products to Pennsylvania, although that information was available on LTSC's website. The fact that plaintiff did not come up with this idea until now is solely due to his own lack of diligence. As such, plaintiff's claimed "new evidence" is untimely in that it could have been discovered (or rather, manufactured) by plaintiff in time for the previous motion. *See Fed. R. Civ. P. 60(b)*.

3. Second, the claimed evidence is insufficient because, by plaintiff's own admission, he manufactured it for the purpose of attempting to secure personal jurisdiction in Pennsylvania. In his motion, plaintiff admits that he assumed a fake identity and sent an e-mail complaining to LTSC of not being able to purchase products for shipment into Pennsylvania, so as to obtain a response. Courts have consistently held that a contact with the forum state that is instigated by the plaintiff is legally insufficient as a basis for the exercise of personal jurisdiction. *See, e.g.*, *Intel Corp. v. Silicon Storage Technology, Inc.*, 20 F.Supp.2d 690, 697 (D. Del. 1998) (rejecting a claim of personal jurisdiction in Delaware in a patent case where the allegedly infringing product was sold into Delaware only because the plaintiff's Delaware counsel placed an order for the product after the complaint was filed); *McGill Technology Ltd. v. Gourmet Technologies, Inc.*, 300 F.Supp.2d 501, 506 (E.D. Mich. 2004) (where plaintiff's lawyer caused transaction in the jurisdiction, exercise of personal jurisdiction offended due process); *Sunwest Silver, Inc v. International Connection, Inc.*, 4 F.Supp.2d 1284, 1286-87 (D.N.M. 1998) (initiation of sale in forum state by the plaintiff does not constitute affirmative conduct promoting the transaction of business in the state for jurisdictional purposes); *DeSantis v. Hafner*

*Creations, Inc.*, 949 F.Supp. 419, 424 (E.D. Va. 1996) (no jurisdiction where transaction was initiated by plaintiff's counsel's paralegal, as "[t]o hold otherwise would grant plaintiffs the power to manufacture personal jurisdiction in a forum that presents hardship and inconvenience to defendants"). The same reasoning applies here.

4. Third, plaintiff has not offered any authority for the proposition that personal jurisdiction may be based on conduct occurring *after* the lawsuit has been *dismissed*. If plaintiff believes that he has a basis for jurisdiction, the correct action would have been for him to accept dismissal of the present action and file a new lawsuit. Of course, notwithstanding his belief, he has no basis for jurisdiction.

5. Fourth, the e-mail from LTSC does not solicit a sale, or even encourage a sale. Indeed, it was plaintiff that solicited the sale, and LTSC refused to sell to Pennsylvania. Moreover, LTSC does not offer to provide an agent to assist in facilitating an indirect sale. An e-mail responding to an inquiry advising plaintiff how to obtain indirectly LTSC's products does not constitute a solicitation or transaction in Pennsylvania.

6. Fifth, even if the Court were to characterize the communication as a solicitation, a single non-contractual e-mail from out-of-state does not give rise to personal jurisdiction in Pennsylvania. *Corneal v. CF Hosting, Inc.*, 187 F.Supp.2d 1342, 1374 (S.D. Fla. 2001)

7. Sixth, where, as here, plaintiff seeks to obtain jurisdiction over LTSC from a single e-mail contact, there must be specific jurisdiction, *i.e.,* the cause of action must arise from that e-mail contact. *Kennedy Industries, Inc. v. Aparo*, C.A. No. 04-5967, 2006 WL 560147, WL Op. at *4, Bartle, J. (E.D. Pa. Mar. 6, 2006). Obviously, that is not the case, as the alleged cause of action (unmeritorious as it is) is alleged to have arisen long before the Complaint was filed.

8. Moreover, a single, isolated communication does not confer general jurisdiction, as general jurisdiction requires continuous and systematic contact with Pennsylvania. *Sunbelt Corp. v. Noble, Denton & Associates, Inc.*, 5 F.3d 28, 33 n.10 (3rd Cir. 1993); *Kennedy*, WL Op. at *3.

9. Seventh, even if the Court were to ignore all of the above, and hold that an isolated e-mail can provide specific or general jurisdiction over the claims, there is nothing to indicate that LTSC sought to avail itself of the benefits of Pennsylvania law. As such, the assertion of personal jurisdiction would violate due process. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 779 (1984) (the function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's "random, isolated, or fortuitous" contacts with the forum state); *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F.Supp.2d 629, 635 (D.N.J. 2004) (isolated non-contractual e-mail exchange does not satisfy minimum contacts requirement).

10. Plaintiff's arguments are procedurally improper, factually misguided and legally unsupported – in a word, frivolous.

11. For the same reasons, plaintiff's attempt to assert jurisdiction over LTSC based on plaintiff receiving free newsletters from LTSC via e-mail is equally frivolous: the newsletters were delivered after the termination of this litigation and plaintiff's cause of action does not relate to those e-mails. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3rd Cir. 2003) ("[a]s for the electronic newsletters and other e-mail correspondence, "telephone communication or mail sent by a defendant [do] not trigger personal jurisdiction if they "do not show purposeful availment" '") (citations omitted); *Wims v. Beach Terrace Motor Inn, Inc.*, 759

F.Supp. 264, 268 (E.D. Pa. 1991) (mailing 600 brochures into Pennsylvania does not provide bases for personal jurisdiction where claim does not arise from such mailing).

**B. MOTION FOR SANCTIONS.**

12. Enough is enough. LTSC has had to endure (and pay an attorney in connection with) plaintiff's multiple attempts to file a proper complaint, then litigate a motion to dismiss (which was granted) because plaintiff asserted frivolous jurisdictional claims, followed by plaintiff filing a motion for reconsideration while also filing an appeal to the Third Circuit and filing a 47-page Complaint (followed on July 31, 2006 by a 72-page Amended Complaint) in the U.S. District Court for the District of Delaware (requiring hiring a Delaware attorney), followed by a motion for relief from judgment, and now a motion for reconsideration of the denial of the motion for relief from judgment. Plaintiff is thoroughly enjoying his *pro se* status, while forcing LTSC to incur attorneys' fees because of his substantive and procedural errors.

13. Plaintiff has submitted briefs and memoranda before this Court, in this and other cases, arguing legal positions and citing legal authority. As he purports to be knowledgeable in the ways of the law, and is an ordinary civil litigant, he should not be granted any special deference because of his *pro se* status. *See Brock v. Hendershott,* 840 F.2d 339, 342-43 (6th Cir.1988) ("[w]hen a person...chooses to represent himself, he should expect no special treatment which prefers him over other who are represented by attorneys").

14. This Court held that plaintiff's jurisdictional claim was clearly frivolous. Plaintiff's motion to set aside the default judgment, based solely on the existence of a website, was without any legal or factual foundation. Similarly, as demonstrated above, plaintiff's present motion is utterly devoid of any factual or legal merit. Sanctions are appropriate to deter these

types of serial filings which only serve to increase expense and delay the inevitable termination of plaintiff's case.

15. LTSC requests a modest initial sanction of $500.00 and a denial of plaintiff's motion to supplement the record (for which plaintiff has offered no legal justification). This will help offset (though not completely) the fees incurred by LTSC in responding to the present meritless motion, and will serve as a "warning shot across the bow." It is LTSC's hope that this reasonable sanction will deter plaintiff from filing motions based only on a hope and a prayer, and will encourage plaintiff to think long and hard before filing unsupported motions and pleadings with this (or any other) court.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, defendant Learn The Skills Corp. respectfully requests that the Court deny plaintiff's latest motion for reconsideration and to supplement the record, and award defendant $500.00 as a sanction for plaintiff's vexatious and frivolous motion.

Dated: August 21, 2006

Respectfully submitted,

*/s/ William R. Firth, III*

William R. Firth, III (PA Bar No. 88836)
Marks & Sokolov, LLC
1835 Market Street, 28th floor
Philadelphia, PA 19103
(215) 569-8901

Attorney for Defendant Learn The Skills Corp.

Of counsel:

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766